UNITED STATES of America, Plaintiff–Appellee,

v.

Randall MOSS, a/k/a Herbie, Brad Taylor, and William Moss, a/k/a Billy, Defendants–Appellants.

Nos. 01–3174, 01–3266, 01–3267.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 28, 2002.

Decided Jan. 23, 2003.

Before KANNE, DIANE P. WOOD, and EVANS, Circuit Judges.

ORDER

William Moss, Brad Taylor, and Randall Moss ran what was described as a "Taco Bell" for cocaine in Harrisburg, Illinois. After separate trials, each was convicted of conspiracy to distribute five or more grams of crack cocaine. Randall Moss (we'll call him "Randall") was also convicted of two additional counts of distribution of crack cocaine and also possession of a firearm by a felon. After his arrest, he confessed to obtaining with the intent to sell an ounce of crack and an ounce of powder cocaine each week in 1999 and 2000. Randall testified on his own behalf at trial and, in an interesting tactic, conceded the gist of the government's accusations. Although he was somewhat equivocal on the details, he did not dispute that he had been involved with an extremely large quantity of drugs. At sentencing, the district court grouped his counts of conviction and determined that his base offense level was 38—due to the fact that he had trafficked in at least 1.5 kilograms of crack in 1999 and 2000. After adjustments for possessing a firearm and his managerial role in the enterprise, Randall ended up with an offense level of 43, the top of the guideline range where "life" is the only sentence noted. But "life" not being an option for his crimes of conviction, he received 40 years for the conspiracy conviction, 20 years each for the two crack distribution counts, and 10 years for possession of a firearm, all consecutive, for

a total of 90 years, which is really "life" plus.

In addition to the conspiracy charge, William Moss was convicted of one count of distributing crack cocaine, two counts of distributing powder cocaine, and possessing a weapon during a drug trafficking offense. Taylor was convicted of an additional count of distribution of crack. Prior to the William Moss and Taylor trials, the government filed a notice that it would seek to have the court invoke the enhanced sentencing provisions of 21 U.S.C. § 841(b)(1)(B) because they had prior felony drug convictions. This increased the maximum statutory penalty to life imprisonment, and the district court ultimately sentenced them to roughly 30 years.

Both William Moss and Brad Taylor complain that their sentences were improperly based on drug amounts greater than that listed in their indictments. They contend that the drug quantity relied upon for the purpose of determining their offense levels must be charged in the indictment and proven beyond a reasonable doubt. We have previously held, however, that "so long as the defendant's sentence does not exceed the statutory maximum prescribed by the statute of conviction, [Apprendi v. New Jersey, 430 U.S. 466 (2000),] does not create [for the defendant] a right to jury determination of the drug quantity." United States v. Brumfield, 301 F.3d 724, 734–35 (7th Cir.2002) (quotations and citations omitted). The sentences Moss and Taylor received are well under the maximum statutory penalty of life imprisonment. The only question is whether the evidence used to establish the drug amounts at sentencing was sufficiently reliable. See id. at 733. We have reviewed the record and, having done so, it is clear that the district court heard ample evidence to support the drug amounts it found at sentencing.

■ Moss's and Taylor's second argument is that the government's notice that it was seeking the enhanced sentencing provisions of 18 U.S.C. § 841(b)(1)(B) was insufficient. Under 21 U.S.C. § 851(a)(1), the government must notify a defendant it is seeking the enhancement by filing an information with the court prior to trial to that effect and serving the defendant. Although Moss and Taylor admit that the government literally complied with § 851(a)(1) by filing an information the day before trial and mailing it to them, they contend that this was constitutionally insufficient to allow them adequate time to determine whether to go to trial or plead guilty. We disagree. We have previously held that mailing an information to a defendant 2 days prior to trial satisfies § 851(a)(1). See United States v. Ceballos, 302 F.3d 679, 692–93 (7th Cir.2002). The Tenth Circuit has held the filing of the information before jury selection is sufficient. See United States v. Gonzalez–Lerma, 14 F.3d 1479, 1484 (10th Cir.1994). The enhancement information here was not untimely.

■ Taylor raises two other issues with regard to his conviction and sentencing. First, he argues that his Sixth Amendment rights were violated when statements he made to persons in custody with him were admitted into evidence. The gist of his theory is that the government used individuals who knew him and were jailed with him to elicit information regarding his theory of defense (that he was merely a drug user, not a dealer). As a part of this argument, Taylor also contends that one of the government witnesses, an FBI agent, unfairly related hearsay testimony regarding the relocation of one of their informants in this case. Because Taylor failed to move to suppress evidence from these witnesses prior to or even during trial, our standard of review is only for plain error.

See *United States v. Clarke*, 227 F.3d 874, 881 (7th Cir.2000). Notably, Taylor does not cite any evidence indicating that the three jailhouse witnesses deliberately elicited statements from him. In the absence of evidence that the government instructed these witnesses to elicit information, Taylor has not shown a violation of his Sixth Amendment rights. See *United States v. Smallwood*, 188 F.3d 905, 912 (7th Cir. 1999). Furthermore, there was overwhelming evidence at trial that Taylor was a dealer and not a user (eleven other witnesses testified that he had packaged and/or sold them drugs). The jury had ample evidence on which to base a finding that Taylor was a dealer, aside from any of the testimony from the three suspect witnesses. In addition, Taylor's hearsay argument is without merit because the testimony at issue was not offered for the truth of the matter asserted, but merely to show why the government paid the informant relocation money. See *United States v. Sanchez*, 32 F.3d 1002, 1005 (7th Cir.1994).

■ Taylor also complains that evidence at trial regarding the amount of drugs involved in the conspiracy contradicted evidence used at his sentencing. In making its determination of the amount of drugs involved, the district court relied on Randall's post-arrest statement indicating that he obtained an ounce of crack and an ounce of powder cocaine each week to sell in 1999 and 2000. Taylor contends that Randall is not a credible witness and that he later waffled on the truthfulness of this statement, and that none of the other witnesses testified that the conspiracy dealt in equal amounts of crack and powder cocaine. Although Randall testified at Taylor's sentencing, the district court found that his earlier statement was credible, not

his hearing testimony. We give exceptional deference to this finding, see *United States v. Smith*, 308 F.3d 726, 746 (7th Cir.2002), and Taylor doesn't point to anything in the record indicating that the district court erred in its credibility determination. Based on Randall's testimony, the district court determined that Taylor was involved with 2,154 grams of crack cocaine—far more than the 1.5 kilograms of crack cocaine necessary for a base offense level of 38. This didn't even take into account the amount of powder cocaine involved in the conspiracy. In light of these facts, we find that the district court did not commit clear error in determining Taylor's offense level.

■ Randall also complains that the district court erred in determining his sentence by stacking his counts instead of running them concurrently.[1] Similar to the arguments made by William Moss and Taylor, the gist of his contention is that *Apprendi* prohibits any sentence longer than the maximum sentence of the count with the longest punishment. This is clearly not the rule embraced by the sentencing guidelines or our prior case law. See U.S.S.G. § 5G1.2(d) (consecutive sentences authorized when maximum term of imprisonment for any one count less than minimum term under guidelines); *United States v. Parolin*, 239 F.3d 922, 930 (7th Cir.2001) (sentence affirmed that did not exceed combined statutory maximum of all counts). As we said a moment ago, as long as Randall's sentence does not exceed the combined statutory maximum for his four counts, there is no *Apprendi* violation. See *United States v. Noble*, 299 F.3d 907, 909–10 (7th Cir.2002). The combined statutory maximum for Randall's four counts

---

1. In his opening brief, Moss contended that his convictions should have been grouped for purposes of determining his offense level. He has apparently dropped this argument, however, realizing that the district court did in fact group the four counts.

was 90 years—which is the sentence that he received.

Randall also contends that his possession of a firearm by a felon conviction should be reversed because there was no proof that the gun in question affected interstate commerce. As Randall candidly acknowledges, this argument is contrary to circuit precedent, see *United States v. Lewis,* 100 F.3d 49, 53 (7th Cir.1996), and made only in the hope that the Supreme Court would reverse its earlier holdings on the issue during the pendency of his appeal. Since the Supreme Court has not changed its position on this issue, neither shall we. Randall's contention is therefore without merit.

For the reasons stated above, we AFFIRM the defendants' convictions and sentences.