In the

# United States Court of Appeals

## For the Seventh Circuit

No. 10-2329

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

BRAD TAYLOR,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 00-40101-05-GPM—**G. Patrick Murphy**, *Judge.*

SUBMITTED NOVEMBER 23, 2010*—DECIDED DECEMBER 10, 2010

Before KANNE, EVANS, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* Brad Taylor appeals pro se the denial of his motion under 18 U.S.C. § 3582(c)(2) for a reduction of his crack cocaine sentence. The district court dismissed his motion for lack of subject matter

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2)(C).

jurisdiction. We affirm the denial of relief. We conclude that the district court had subject matter jurisdiction to consider the request, but that Taylor is not eligible for relief because the relevant retroactive amendment to the Sentencing Guidelines did not actually have the effect of lowering the sentencing range applicable to him, as required by § 3582(c)(2).

This case has a lengthy history. In 2001 a jury found Taylor guilty of conspiring to distribute and to possess with intent to distribute both cocaine and cocaine base, see 21 U.S.C. § 846, and of distributing cocaine, see 21 U.S.C. § 841(a)(1). At sentencing the district court found that his offense involved 2.15 kilograms of crack cocaine, resulting at the time in a base-offense level of 38. See U.S.S.G. § 2D1.1 (2000). Although Taylor qualified as a career offender under § 4B1.1 (corresponding to an offense level of 37), the court applied the higher offense level of 38 assigned by the drug-quantity guidelines. This offense level and Taylor's criminal-history category of VI yielded a guideline range of 360 months to life. The court sentenced him to 377 months. We affirmed his conviction and sentence. *United States v. Moss*, 57 F. App'x 704 (7th Cir. 2003).

In 2004 Taylor filed a motion for relief under 28 U.S.C. § 2255. The district court denied the motion, as well as Taylor's subsequent request for a certificate of appealability. We also denied his request for a certificate of appealability. *Taylor v. United States*, No. 05-4735 (7th Cir. Mar. 31, 2006).

The United States Sentencing Commission then retro-actively reduced the offense levels for crack cocaine

offenses, effective in 2008, through Guideline Amend-ments 706 and 713. Taylor asked the district court to appoint counsel to help him prepare a § 3582(c)(2) motion to take advantage of the retroactive reduction. The court appointed counsel, but instead of helping Taylor file such a motion, counsel moved to withdraw, asserting that he could not identify a nonfrivolous argu-ment that Taylor qualified for a reduced sentence. Counsel noted that Taylor, as a career offender, could not benefit from Amendments 706 and 713. The court agreed with counsel that Taylor was not eligible for a sentence reduction and granted the motion to withdraw.

In 2009 Taylor filed a self-styled "Motion to Correct Illegal Sentence Nunc Pro Tunc," challenging the dis-trict court's determination at sentencing that he qualified as a career offender. The court denied the motion, noting that Taylor's sentence was entered correctly and that the validity of his sentence could not be challenged under a nunc pro tunc motion. The court also concluded that, to the extent the motion could be construed as a motion under 28 U.S.C. § 2255, it would be unsuc-cessful because the one-year statute of limitations had passed. In April 2010, Taylor appealed the denial of his motion. The district court construed the appeal as a request for a certificate of appealability, which it denied.

In May 2010, Taylor moved the district court to reduce his sentence under § 3582(c)(2) in light of Amendments 706 and 713. His relevant conduct, he argued, involved less than 4.5 kilograms of crack, the new threshold set by the amendment for the highest base-offense level of

38. He argued his offense level should be reduced from 38 to 36. The district court dismissed the motion for lack of jurisdiction, explaining, among other things, that Taylor had not obtained a certificate of appealability.

On appeal Taylor argues that the district court erred in dismissing his § 3582(c)(2) motion for lack of jurisdiction because no certificate of appealability was required. Taylor is correct; motions under § 3582(c)(2) are not collateral attacks on the original sentence, and thus an appeal of their denial does not require a certificate of appealability. See *United States v. Woods*, 581 F.3d 531, 536 (7th Cir. 2009) (guilty plea waiving right to bring collateral challenge to sentence did not bar § 3582(c)(2) motion); *United States v. Monroe*, 580 F.3d 552, 557-58 (7th Cir. 2009) (same).

However, we may affirm the judgment of the district court on any ground supported in the record, *e.g.*, *Williams v. Fleming*, 597 F.3d 820, 823 (7th Cir. 2010), and here Taylor simply does not qualify for relief under § 3582(c)(2). It is true as a general rule that Amendments 706 and 713 did not affect offenders who were sentenced as career offenders under U.S.S.G. § 4B1.1. See, *e.g.*, *United States v. Forman*, 553 F.3d 585, 589 (7th Cir. 2009). But the issue here is a little more subtle. This is an unusual case in which the offense level for the offense of conviction (38) was even higher than the applicable offense level for a career offender (37). The offense level used in Taylor's original sentence therefore was based on the drug quantities in § 2D1.1, which were amended retroactively. If Taylor's guideline range had

been calculated under the lower, amended guidelines, the career-offender guideline would have trumped the drug-quantity guideline and would have provided the higher applicable offense level of 37.

The problem for Taylor is that the applicable guideline range for criminal history category VI and offense levels 37 and 38 is exactly the same: 360 months to life in prison. We conclude that an offender in this unusual situation is not eligible for relief under § 3582(c)(2). Relief under the statute is not available when a retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

We agree with the Eighth Circuit's resolution of this issue in *United States v. Washington*, 618 F.3d 869 (8th Cir. 2010). Washington qualified as a career offender subject to an offense level of 37, but he was sentenced using the higher adjusted offense level of 38 from the drug quantity table. When he sought relief under § 3582(c)(2), the district court recognized that Amendment 706 reduced his offense level from 38 to 36, but that the higher career-offender offense level of 37 would then apply, providing the same range of 360 months to life. Because Amendment 706 did not have the effect of lowering Washington's guideline range, the district court determined that he was not eligible for a sentence reduction under § 3582(c)(2).

The Eighth Circuit affirmed because applying the amended guidelines did not actually reduce the applicable guideline range. 618 F.3d at 873. As in that case,

Amendment 706 reduced Taylor's drug-quantity base-offense level from 38 to 36, but did not affect his career-offender offense level of 37. Thus, Taylor's guideline range remained the same: 360 months to life. He simply was not eligible for a sentence reduction.

Finally, during the briefing in this case, Congress enacted the Fair Sentencing Act of 2010, which essentially reduced the statutory 100-to-1 powder/crack sentencing ratio to approximately 18-to-1. Taylor argued in his reply brief (the first brief he filed after the enactment) that applying the new statutory ratio would lower his base-offense level even further. This circuit has held, however, that the new act does not apply retroactively, so Taylor cannot benefit from its enactment. *United States v. Bell*, ___ F.3d ___, ___, 2010 WL 4103700, at *10 (7th Cir. Oct. 20, 2010).

The judgment of the district court denying relief under 18 U.S.C. § 3582(c)(2) is AFFIRMED.