NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 23, 2011[*]
Decided March 25, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

Nos. 10-2513 & 10-2655

| | |
|---|---|
| | Appeals from the |
| UNITED STATES OF AMERICA, | United States District Court for the |
| *Plaintiff-Appellee,* | Southern District of Illinois. |
| | |
| *v.* | No. 4:09-cr-40069-GPM |
| | |
| CHRISTOPHER V. DABNEY and | G. Patrick Murphy, |
| VALENCIA K. MATTHEWS, | *Judge.* |
| *Defendants-Appellants.* | |

**O R D E R**

Valencia Matthews and Christopher Dabney appeal their respective convictions and sentences after they both pleaded guilty to various drug-distribution charges. Matthews challenges the use of a prior conviction to raise the statutory-minimum sentence for her offense. Dabney's appellate counsel, on the other hand, has explained that he cannot identify any nonfrivolous challenge to pursue and has moved to withdraw under *Anders v.*

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. *See* FED. R. APP. P. 34(a)(2)(C).

*California*, 386 U.S. 738 (1967). We consolidate their appeals, affirm Matthews' sentence, grant the motion of Dabney's lawyer to withdraw, and dismiss Dabney's appeal.

Matthews and Dabney came to the attention of law-enforcement authorities during their investigation into the drug-distribution activities of David Barnes and Walter Sanders in early 2009. Barnes and Sanders often pooled their money to buy crack cocaine and heroin from suppliers in Chicago and then sold the drugs through various dealers, including Matthews, who was Sanders' girlfriend. Dabney provided his residence as a "stash house" for Sanders to store drugs. In August authorities searched Dabney's residence and found a loaded handgun, a digital scale, two boxes of baggies, $6,303 in U.S. currency, and 47 grams of crack cocaine. Two months later a federal grand jury returned a 33-count indictment against Matthews, Dabney, and 10 others involved in the distribution scheme. The first count of the indictment applied to all defendants and charged them with conspiring to knowingly and intentionally distribute, and possess with the intent to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846.

### Valencia Matthews

Matthews pleaded guilty to the conspiracy count and three counts of knowingly and intentionally distributing crack cocaine in violation of 21 U.S.C. § 841(b)(1)(C). The statutory-minimum sentence on the conspiracy count was 20 years because the government filed an information under 21 U.S.C. § 851 stating that Matthews had a prior felony-drug conviction in Illinois state court. The district court ultimately sentenced Matthews to 240 months' imprisonment on the conspiracy count and concurrent 108-month terms on the remaining counts.

On appeal Matthews claims that using her prior felony conviction to enhance her sentence violates her Fifth and Sixth Amendment rights because the conviction was not presented to the grand jury, alleged in the indictment, or proven beyond a reasonable doubt. Matthews recognizes that this challenge is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 239 (1998), but states that she brings it now only to preserve it for possible Supreme Court review. We affirm Matthews' sentence, noting that she has properly preserved her *Almendarez-Torres* challenge.

### Christopher Dabney

Dabney pleaded guilty to the conspiracy count and one count of knowingly and intentionally distributing crack cocaine. The district court sentenced him to concurrent 125-month terms—near the low end of the properly calculated guidelines range. Dabney's appointed counsel moves to withdraw because he cannot identify any nonfrivolous

argument to pursue on appeal. *See Anders*, 386 U.S. at 741-42. Dabney opposes counsel's motion, *see* 7TH CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief and in Dabney's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

According to counsel, Dabney wants us to set aside his guilty plea, and thus counsel begins by evaluating the adequacy of the plea colloquy and the voluntariness of the plea. *United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002). Dabney did not move to withdraw his guilty plea in the district court, so we would examine the plea colloquy only for plain error. *See United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Griffin*, 521 F.3d 727, 730 (7th Cir. 2008). Rule 11(b) of the Federal Rules of Criminal Procedure details the steps a district court must follow before accepting a guilty plea. *United States v. Polak*, 573 F.3d 428, 431 (7th Cir. 2009).

Dabney's lawyer first considers arguing that the district judge violated Rule 11 during the plea colloquy by failing to inform Dabney that he had the right to persist in his plea of not guilty. Although the judge never explicitly told Dabney of this right, he confirmed that Dabney understood that by changing his plea to guilty, he was waiving the right to proceed to trial; this is the practical equivalent. *See United States v. Blalock*, 321 F.3d 686, 688 (7th Cir. 2003). Moreover, harmless violations of Rule 11 do not warrant setting aside a guilty plea. FED. R. CRIM. P. 11(h); *United States v. Sura*, 511 F.3d 654, 662 (7th Cir. 2007). Here the omission of an explicit warning was harmless because Dabney has not shown that it affected his decision to plead guilty. *See United States v. Arenal*, 500 F.3d 634, 637 (7th Cir. 2007); *United States v. Driver*, 242 F.3d 767, 770 (7th Cir. 2001). As counsel notes, Dabney presumably understood his right to stand on his plea of not guilty based on his initial entry of that plea.

Counsel also identifies another omission in the plea colloquy: The district court did not inform Dabney that his answers at the change-of-plea hearing could be used against him in a prosecution for perjury. *See* FED. R. CRIM. P. 11(b)(1)(A). As counsel properly notes, however, this error was also harmless. There is no current or prospective prosecution against Dabney for perjury. *See Blalock*, 321 F.3d at 689.

Counsel next considers a potential flaw in the plea colloquy that Dabney identifies: The court's alleged failure to develop an adequate factual basis to confirm that Dabney's offenses involved crack cocaine—Dabney now says that all the cocaine involved in the offenses was actually powder cocaine. Rule 11(b)(3) requires the district court to satisfy itself that a factual basis exists before entering judgment on a guilty plea. *United States v. Rea-Beltran*, 457 F.3d 695, 701 (7th Cir. 2006). At his plea hearing, however, Dabney agreed with the government's contention that his offense involved "crack cocaine" and

acknowledged that the government would be able to produce evidence of that at trial. These admissions are sufficient to establish a factual basis for the drug type. *See United States v. Rodgers*, 610 F.3d 975, 979 (7th Cir. 2010); *United States v. Lacey*, 569 F.3d 319, 323-24 (7th Cir. 2009).

Counsel also evaluates whether Dabney could challenge the district court's decision to hold him accountable for participating in a conspiracy that involved more than 50 grams of crack cocaine. As counsel notes, this argument would be meritless. When authorities searched Dabney's house, they found 47 grams of crack cocaine in the freezer; on four other occasions, authorities saw Sanders retrieve crack cocaine from Dabney's house. On one such occasion, surveillance officers observed Sanders drive from St. Louis to Dabney's residence, carrying with him two small bags; this followed a telephone conversation that authorities recorded wherein Sanders informed Dabney that he was planning to bring 198 grams of cocaine from St. Louis to Dabney's residence.

Counsel next considers Dabney's argument that the 10-year statutory minimum no longer applies to him because the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 2(a)(2), 124 Stat. 2372 (2010), increased the amounts of crack cocaine necessary to trigger the enhanced statutory penalties in § 841(b)(1)(B)(iii). Counsel is correct that an appellate claim based on this enactment would be frivolous, not only because the Act was adopted after Robinson's conspiracy ended and is not retroactive, *United States v. Taylor*, 627 F.3d 674, 677 (7th Cir. 2010); *United States v. Bell*, 624 F.3d 803, 814 (7th Cir. 2010), but also because the district judge emphasized that he would impose the same 125-month sentence regardless of the statutory minimum.

Counsel also considers whether Dabney could challenge his sentence as unreasonable. Dabney's sentence is within the properly calculated guidelines range and thus is presumptively reasonable. *Rita v. United States*, 551 U.S. 338, 350-51 (2007); *United States v. Curb*, 626 F.3d 921, 926 (7th Cir. 2010). Counsel has not identified any basis for overcoming that presumption, nor can we. Moreover, counsel cannot identify any error in the court's analysis of the sentencing factors under 18 U.S.C. § 3553(a). Indeed, the court stressed the seriousness of the offense, *see* 18 U.S.C. § 3553(a)(2)(A), noting in particular that Dabney kept a loaded firearm under a couch in his residence and as a result, any encounter with police could have become violent. The judge also took into account Dabney's personal history and characteristics, *see id.* § 3553(a)(1), finding that his circumstances were more hopeful than those of many defendants he saw, and that he "had a lot of things going for [him]. . . . [H]e was not designed to be and does not have to be a dope dealing thug."

Finally, Dabney expresses dissatisfaction with his counsel's decision to file an *Anders* motion seeking withdrawal. He claims that counsel's motion impedes his right to appeal

and surprised him because counsel had not spoken to him as promised before filing the motion. To the extent that Dabney suggests that his appellate counsel was ineffective, the claim is best pursued in a collateral proceeding in which the record can be more fully developed. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005).

Accordingly, we GRANT counsel's motion to withdraw, DISMISS Dabney's appeal, and AFFIRM Matthews' sentence.