NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted March 14, 2012
Decided March 21, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 11-3786

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District |
| | of Indiana, Hammond Division. |
| *v.* | |
| | No. 2:97-cr-00088-JTM-APR-3 |
| JACOBY WALKER, | |
| *Defendant-Appellant*. | James T. Moody, |
| | *Judge*. |

**O R D E R**

We summarily **AFFIRM** and adopt as the Order of this court the Order dated
December 2, 2011, issued by Judge James T. Moody of the United States District Court for the
Northern District of Indiana, Hammond Division, attached hereto.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES OF AMERICA )
)
v. )        No. 2:97 CR 88
)
JACOBY WALKER )

**O R D E R**

Defendant Jacoby Walker filed a *pro se* motion seeking a reduction in his sentence

pursuant to 18 U.S.C. § 3582(c)(2), as a result of Amendment 750 to the United States

Sentencing Guidelines ("U.S.S.G." or the "Guidelines"). (DE # 747.) A week later, United

States Probation prepared and filed an addendum to Walker's original presentence

investigation report. (DE # 748.) For the reasons that follow, Walker's motion is denied.

This court sentenced Walker on March 12, 1999, in connection with drug

trafficking and firearm offenses. Using the Guidelines then applicable, the court started

with a base offense level of 38 pursuant to Section 2D1.1(c)(1) of the Guidelines. (Walker

Sentencing Tr. 19, Mar. 12, 1999.) The court enhanced Walker's base offense level by two

levels for obstruction of justice pursuant to Section 3C1.1 of the Guidelines, and by three

levels for Walker's aggravating role as an manager or supervisor in the drug distribution

organization pursuant to Section 3B1.1(b) of the Guidelines, arriving at a total offense

level of 43. (*Id.* at 19-20.) The court determined that Walker's criminal history category

was III (*id.* at 20), but Walker's total offense level of 43 corresponded to a sentencing

range of life imprisonment regardless of the criminal history category. The court

sentenced Walker to life imprisonment for his drug offenses, plus an additional 360 months for his firearms offense. (*Id.* at 20.)

The addendum prepared by United States Probation and filed on the docket on November 10, 2011, states that the court found, at sentencing, that Walker was responsible for 150 kilograms of cocaine base and 10 kilograms of powder cocaine. (DE # 748 at 3.) The addendum states that because the total amount of drugs for which Walker was held responsible are in excess of the amount necessary to qualify for a base offense level of 38 under U.S.S.G. § 2D1.1(c)(1), and because his enhancements still apply despite Amendment 750, Walker's sentencing range of life imprisonment remains unchanged and therefore Walker is not entitled to a reduction pursuant to Amendment 750. This is an accurate conclusion, but based on a faulty premise.

The transcript of Walker's sentencing reveals that the court actually found that Walker was responsible for "greatly in excess of 150 kilograms of cocaine and more than 1.5 kilograms of cocaine base." (Walker Sentencing Tr. 19.) Under the Guidelines at that time, any quantity of 1.5 kilograms or more of cocaine base or 150 kilograms or more of powder cocaine corresponded to a base offense level of 38. In Walker's case, the court did not engage in a computation of the total amount of narcotics attributable to Walker because it was unnecessary; Walker was found responsible for a quantity of cocaine base and a quantity of powder cocaine which were each, alone, sufficient to reach a base offense level of 38– the highest possible base offense level under the Drug Quantity Table. U.S.S.G. § 2D1.1(c).

2

Amendment 750 has now changed the quantities associated with base offense levels on the Drug Quantity Table. These changes are applicable to cocaine base only, not powder cocaine. No longer does 1.5 kilograms of cocaine base correspond to an offense level of 38. Instead, a quantity of 8.4 kilograms or more of cocaine base is required for a base offense level of 38, and a defendant responsible for 1.5 kilograms of cocaine base would be assigned a base offense level of only 34. Walker argues that he should benefit from the effect that Amendment 750 has had on base offense levels for crimes involving cocaine base.

However, at sentencing the court found that Walker was responsible for not only cocaine base, but also powder cocaine. (Walker Sentencing Tr. 19, finding Walker responsible for "greatly in excess of 150 kilograms of cocaine.") The minimum amount of powder cocaine for which Walker was responsible (150 kilograms)[1] *alone* corresponds to the maximum possible base offense level for a drug offense: 38. If the court *also* factored in the minimum amount of cocaine base for which Walker was responsible (1.5 kilograms), Walker's total quantity of narcotics, for sentencing purposes, would be even greater. As it is, 38 is the maximum possible base offense level for a drug offense, so no further computation is necessary with regard to Walker's base offense level. With or without considering Walker's cocaine base quantity, Walker's base offense level is 38.

---

[1] The court *actually* held that Walker was responsible for "greatly in excess of 150 kilograms of cocaine and more than 1.5 kilograms of cocaine base." (Walker Sentencing Tr. 19.) However, for Walker's benefit the court utilizes, for purposes of this motion only, the lowest possible drug quantities consistent with the findings the court made at sentencing (only 1.5 kilograms of cocaine base and 150 kilograms of powder cocaine).

3

However, the court's analysis does not stop at the calculation of the base offense level. The enhancements that the court found applicable during Walker's original sentencing were unchanged by Amendment 750 and therefore must be applied here. Walker's base offense level of 38 must be increased by two levels for obstruction of justice, and then by three levels for Walker's aggravating role as an manager or supervisor, resulting in a total offense level of 43. This is the same total offense level that the court reached during Walker's sentencing on March 12, 1999. As was the case when Walker was originally sentenced, the sentencing range for an offense level of 43 is life imprisonment, regardless of the defendant's criminal history category. Thus, even given Amendment 750, Walker's sentencing range for his drug offenses is life imprisonment, just as it was when Walker was originally sentenced in 1999.

The court is authorized to reduce a sentence only when a defendant's sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The relevant policy statement here provides: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if . . . [a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). As explained above, even given Amendment 750, Walker's Guidelines sentencing range for his drug offenses is still life imprisonment. Because Walker's sentencing range has not been lowered, he does not qualify for a reduction. *United States v. Taylor*, 627 F.3d 674, 676 (7th Cir. 2010).

4

5

For the foregoing reasons, Walker is not eligible for a reduced sentence under Amendment 750 and § 3582(c)(2). His motion (DE # 747) is therefore **DENIED**.

**SO ORDERED.**

Date: December 2, 2011

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

5