In the

# United States Court of Appeals

## For the Seventh Circuit

No. 12-1871

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

ULYSSES WILLIAMS,

*Defendant-Appellant*.

Appeal from the United States District Court
for the Southern District of Illinois.
No. 4:04-cr-40021-MJR-3—**Michael J. Reagan**, *Judge*.

SUBMITTED AUGUST 28, 2012—DECIDED SEPTEMBER 21, 2012

Before POSNER, ROVNER, and WOOD, *Circuit Judges*.

POSNER, *Circuit Judge*. In 2004 the defendant pleaded guilty to conspiracy to distribute crack cocaine. Because of the amount of crack involved, his base offense level was 36. U.S.S.G. § 2D1.1(c)(2) (2004). The judge reduced the level to 33 because the defendant had accepted responsibility for his crime. His guidelines sentencing range, based on that offense level and a Category VI criminal history, was 235 to 293 months, and the judge

sentenced him to the bottom figure. Because the defendant was a career offender, the judge was required, in the first instance, to calculate the guidelines sentence from the career-offender guideline table, U.S.S.G. § 4B1.1(b). But the defendant's base offense level in the table was only 34, and it decreased to 31 because of his accepting responsibility for his criminal conduct—and in calculating the guidelines range for a career offender the judge is required to use the higher of the offense level in the career-offender table or the offense level in the guideline that would be applicable were the defendant not a career offender. *United States v. Washington*, 618 F.3d 869, 870-71 and n. 7 (8th Cir. 2010), and cases cited there. In this case the higher level was the one in the latter guideline—33 (after the 3-level reduction for acceptance of responsibility), versus only 31 in the career-offender guideline.

The defendant moved the judge under 18 U.S.C. § 3582(c)(2) to reduce his 235-month sentence, and the judge reduced it to 188 months. He based the reduction on the Sentencing Commission's Amendment 750 to the guidelines. That was a mistake, because that amendment did not reduce the offense level for the weight (1.3 kilograms) of crack that the defendant had conspired to distribute. But another amendment to the guidelines—Amendment 706, U.S.S.G. App. C Supp., pp. 221-26 (2007)—retroactively reduced the base offense levels in section 2D1.1(c) for crack-cocaine offenders, and by a happy coincidence this reduced the defendant's base offense level under that section by the same amount that the judge had reduced it under his mistaken inter-

pretation of Amendment 750—from 36 to 34. Cf. *United States v. Taylor*, 627 F.3d 674, 676 (7th Cir. 2010). As a result the defendant's total offense level (which might be better termed his "net" offense level), which included the 3-point reduction for acceptance of responsibility that the judge had given him, fell from 33 to 31. That in turn reduced his guidelines sentencing range to 188 to 235 months, and again the judge gave him the sentence at the bottom of the range.

The defendant moved for a further reduction, which was refused. There was no possible basis for a further reduction, as his lawyer points out in an *Anders* brief, and we write only to refine the statement in our opinion in *United States v. Forman*, 553 F.3d 585, 589 (7th Cir. 2009) (per curiam), that "Amendment 706 provides no benefit to career offenders." See also *United States v. Knox*, 573 F.3d 441, 450 (7th Cir. 2009); *United States v. Mateo*, 560 F.3d 152, 155 (3d Cir. 2009). Passages in other cases state correctly that Amendment 706 does not affect a sentence calculated under the career-offender guideline, *United States v. Wesson*, 583 F.3d 728, 731 (9th Cir. 2009); *United States v. Martinez*, 572 F.3d 82, 85 (2d Cir. 2009); *United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008); *United States v. Moore*, 541 F.3d 1323, 1327 (11th Cir. 2008); *United States v. Tingle*, 524 F.3d 839, 840 (8th Cir. 2008) (per curiam), but could be misunderstood to agree with the statement in *Forman* that a career offender cannot benefit from the amendment. That statement is imprecise, as the present case shows, because not all (though certainly most) career offenders are sentenced on the basis of the offense levels in the career-

offender guideline, and the defendant in this case was one who was not. But he *was* a career offender, and this shows that the dictum in *Forman* (and other cases) that "Amendment 706 provides no benefit to career offenders," while generally correct, is not invariably so.

"Generally correct" is worth emphasizing, however, as we have found only one reported appellate case prior to the present one in which a career offender's sentencing range decreased as a result of a retroactive amendment to section 2D1.1: *United States v. Jones,* 596 F.3d 273, 275-77 (5th Cir. 2010). In two other reported cases a retroactive amendment to that section reduced a career offender's offense level, but, unlike *Jones* and the present case, not his guidelines range: *United States v. Taylor*, *supra*, 627 F.3d at 676; *United States v. Washington*, *supra*, 618 F.3d at 870–73. In these cases, at the original sentencing the defendant's offense level under section 2D1.1 exceeded his offense level in the section 4B1.1(b) table as a career offender; and so, as in our case, Amendment 706 lowered the defendant's offense level. But as a result, the career-offender offense level now exceeded the section 2D1.1 offense level, and as a result of the specification of offense levels in Table 4B1.1(b) neither defendant's sentencing range decreased and so neither was eligible for relief under 18 U.S.C. § 3582(c)(2). These cases are similar to the present case insofar as the defendants' offense levels did decline even though they were career offenders, but are consistent with the statement in *Forman* because the defendants' guidelines ranges did not decrease and as a result they

did not benefit from the retroactive amendments, as the defendant in this case and the defendant in *Jones* did.

   Counsel's motion to withdraw is granted and the appeal is

DISMISSED.