NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 25, 2013*
Decided April 26, 2013

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-3585

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 07-30033 |
| MARIO OLIEA, *Defendant-Appellant.* | Sue E. Myerscough, *Judge.* |

**O R D E R**

Mario Oliea appeals the dismissal of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on an amendment to the guidelines that, he asserts, lowered his applicable sentencing range. The district court dismissed his motion on the ground that he was sentenced as a career offender and thus the amendment did not affect his guidelines range. We affirm.

---

* After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Oliea pleaded guilty to two counts of possession of crack cocaine with intent to distribute, 21 U.S.C. § 841(a)(1). Given the amount of crack attributed to him—845.2 grams—Oliea's base offense level would have been 36, *see* U.S.S.G. § 2D1.1(c)(2) (2006), but his two prior felony drug convictions made him a career offender, which bumped his offense level to 37 and placed him in criminal-history category VI, *see id.* § 4B1.1(b). After reducing his offense level by three levels for acceptance of responsibility, *see id.* § 3E1.1, the probation officer calculated a guidelines imprisonment range of 262 to 327 months. The district court adopted the presentence report and sentenced Oliea to 262 months' imprisonment on each count, with the sentence to run concurrently.

Oliea filed a § 3582(c)(2) motion asking the district court to reduce his sentence based on Amendment 706 to the Sentencing Guidelines, which retroactively lowered the base offense level for some drug crimes involving crack cocaine. U.S.S.G. app. C, amend. 706. The district court denied the motion for lack of subject-matter jurisdiction because Oliea was sentenced as a career offender and thus the amendment did not lower his applicable guidelines range. Oliea did not appeal.

Oliea later filed a second § 3582(c)(2) motion, this time seeking a reduced sentence under Amendment 750, which made permanent certain temporary, emergency amendments that the Sentencing Commission had adopted to implement the Fair Sentencing Act of 2010. He then moved in the district court to "hold § 3582(c)(2) proceedings in abeyance" pending the outcome of a Supreme Court case, *Descamps v. United States*, 133 S. Ct. 90 (2012) (granting certiorari in part), which he believed could lead the Court to reconsider its holding that prior convictions need not be charged separately in an indictment or found by a jury beyond a reasonable doubt. *See Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998).

Another district judge, to whom the case had been reassigned, denied the second § 3582(c)(2) motion also for lack of subject-matter jurisdiction. In light of that ruling, the judge denied Oliea's motion to hold proceedings in abeyance.

On appeal Oliea argues generally that because the presentence report initially calculated his offense level under U.S.S.G. § 2D1.1, his sentence was based on that guideline rather than the career-offender guideline. We disagree. For defendants who qualify as career offenders, the district court must apply the offense level derived from the career-offender guideline if it is greater than the offense level otherwise obtained. *See* U.S.S.G. § 4B1.1(b). A defendant who is sentenced under the career-offender guideline is not eligible for a reduced sentence under § 3582(c)(2). *See, e.g., United States v. Williams*, 694 F.3d 917, 918–19 (7th Cir. 2012); *United States v. Guyton*, 636 F.3d 316, 318 (7th Cir. 2011);

*United States v. Forman*, 553 F.3d 585, 589–90 (7th Cir. 2009). Here, it is clear that the presentence report employed the career offender guideline to calculate Oliea's sentence, and the district court relied on that calculation in imposing sentence on Oliea. Because no retroactive amendment reduced Oliea's guidelines range, the district court lacked jurisdiction to consider modifying his sentence. *See Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010); *Forman*, 553 F.3d at 588.

Oliea also maintains that the decision on his § 3582(c)(2) motion should be stayed pending the Supreme Court's decision in *Descamps*. The Supreme Court's grant of certiorari, however, does not provide a basis for holding Oliea's motion in abeyance. Oliea is mistaken that the Supreme Court agreed to revisit its ruling in *Almendarez-Torres* that the fact of a prior conviction need not be found by a jury; the Supreme Court did not include this issue in its grant of certiorari. Moreover, § 3582(c)(2) authorizes a court to modify a sentence only *based upon an amendment to the guidelines*. Any argument that Oliea's sentence was unconstitutional based upon the Court's anticipated overruling in *Almendarez-Torres* would be an attack on the original sentence, which cannot be brought under § 3582(c)(2). *See United States v. Woods*, 581 F.3d 531, 536 (7th Cir. 2009) (holding that § 3582(c)(2) "provides no avenue through which to attack the original sentence").

**AFFIRMED**.