**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 9, 2013
Decided July 17, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 13-1292

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 99 CR 945-1 |
| WILL CARTHAN *Defendant-Appellant.* | James B. Zagel, *Judge*. |

**ORDER**

Will Carthan appeals from the denial of his motion under 18 U.S.C. § 3582(c) to reduce the 34-year sentence imposed for his conviction for conspiring to distribute crack cocaine.

In 2001 Carthan was convicted by a jury of conspiring to distribute crack cocaine. In 2004 he entered into a sentencing agreement with the government to procure a recommendation for a departure from the then-mandatory guidelines. The agreement stated that his guidelines sentencing range (actually a point) was life imprisonment because

of his total offense level of 48 (capped at 43). In exchange for Carthan's cooperation and waiver of his right to appeal, the government agreed to move for a downward departure in accordance with U.S.S.G. § 5K1.1. The agreement recommended a sentence of 34 years, and the judge imposed it.

In 2012 Carthan moved under section § 3582(c)(2), on the basis of the Sentencing Commission's Sentencing Guidelines Amendment 750, which by revising the sentencing tables for crack-cocaine offenses reduced Carthan's base offense level (not his total offense level of 48, capped at 43) from 38 to 34. But because of the increases in his base offense level that had jacked it up to 48, the four-level reduction in his base level did not bring his total offense level below 43 (but only to 48 − 4 = 44)—the floor in the Sentencing Table for a life-imprisonment guidelines range. Because a sentence reduction is not authorized by section 3582(c)(2) unless a retroactive amendment (such as Amendment 750) lowers the defendant's sentencing range, see U.S.S.G. § 1B1.10(a)(2)(B), the district court had no authority to grant the requested relief. See *United States v. Guyton*, 636 F.3d 316, 318–19 (7th Cir. 2011); *United States v. Taylor*, 627 F.3d 674, 676 (7th Cir. 2010); *United States v. Knox*, 573 F.3d 441, 450 (7th Cir. 2009); *United States v. Thompson*, 682 F.3d 285, 290 (3d Cir. 2012). The judgment is therefore

AFFIRMED.