NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 23, 2014[*]
Decided January 23, 2014

**Before**

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 13-1994

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:07CR30099-002-DRH |
| LARRY D. LOVETT, *Defendant-Appellant.* | David R. Herndon, *Chief Judge.* |

**O R D E R**

Larry Lovett appeals from the denial of his motion for a reduced sentence under 18 U.S.C. § 3582(c)(2). He based his motion on amendments to the sentencing guidelines that retroactively lowered the base offense level for many crimes involving crack cocaine. *See* U.S.S.G. App. C, vol. III 374–85, 391–98, 416–21 (2011). The district court

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

concluded that Lovett's imprisonment range was not affected by the amendments and denied the motion. We affirm the district court's order.

Lovett pleaded guilty in 2009 to conspiracy and substantive counts of possessing and distributing crack and powder cocaine. *See* 21 U.S.C. §§ 841(a)(1), 846. The district court concluded that Lovett is a career offender and, following the directive of U.S.S.G. § 4B1.1(b), calculated a base offense level of 37 under that guideline and 34 under the Chapter 2 guideline for drug offenses, *see id.* § 2D1.1. As required by § 4B1.1, the court used the higher number and a criminal history category of VI to calculate an imprisonment range of 262 to 327 months, sentencing Lovett to 276 months. When the government later moved for a sentence reduction, ostensibly under Federal Rule of Criminal Procedure 35(b), the district court shortened Lovett's prison term to 228 months; this is a full year below the statutory minimum given the amount of crack and the information filed by the government establishing a prior felony drug conviction. *See* 21 U.S.C. §§ 841(b)(1)(A)(vii), 851.

The district court correctly denied Lovett's motion in this case. The court lacked jurisdiction to reduce his sentence under § 3582(c)(2) because, as the court recognized, the amendments did not lower his imprisonment range. *See United States v. Davis*, 682 F.3d 596, 610–11 (7th Cir. 2012); *United States v. Forman*, 553 F.3d 585, 589 (7th Cir. 2009). Lovett's range was based on the career-offender guideline, but the amendments left that guideline untouched, providing no basis for a reduced sentence. *See United States v. Williams*, 694 F.3d 917, 918–19 (7th Cir. 2012); *United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011). Indeed, the conspiracy involved more than a kilogram of crack, so the amendments did not even effect Lovett's base offense level under § 2D1.1(c). *Compare* U.S.S.G. § 2D1.1(c)(3) (2008), *with id.* § 2D1.1(c)(3) (2012).

Still, Lovett argues (and the government concedes) that, in hindsight, it is now clear that his prior conviction for possession of a controlled substance was incorrectly classified in the presentence report as possession with intent to deliver, and thus he is not a career offender after all. For that reason, he insists, his § 3582(c)(2) motion should have been granted. But this argument is beyond the scope of § 3582(c)(2). The amendments say nothing about when to classify a defendant as a career offender, and § 3582(c)(2) does not open the door to reconsidering sentencing decisions that could have been challenged on direct appeal. *See Dillon v. United States*, 130 S. Ct. 2683, 2694 (2010); *United States v. Jackson*, 573 F.3d 398, 400 (7th Cir. 2009).

**AFFIRMED**.