In the

# United States Court of Appeals

## For the Seventh Circuit

No. 12-3108

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

CARL STEVENSON,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:97-cr-00510 — **Elaine E. Bucklo**, *Judge.*

ARGUED FEBRUARY 19, 2014 — DECIDED APRIL 23, 2014

Before POSNER, RIPPLE, and KANNE, *Circuit Judges.*

KANNE, *Circuit Judge.* Carl Stevenson has twice sought a sentence reduction under 18 U.S.C. § 3582(c), citing the retroactive changes to the crack cocaine offense guidelines. The district court granted his first motion but denied his second because further reduction would bring his sentence below the guidelines sentence imposed on career offenders like Stevenson. It would, however, contradict the Sentencing Commission's policy statements to sentence Stevenson below

the applicable career offender guideline. We affirm the decision below.

## I. BACKGROUND

In 1998, a jury found Stevenson guilty on various counts relating to his possession of crack cocaine in connection with a Chicago drug ring. The district court sentenced Stevenson based on the Sentencing Guidelines (this was pre-*Booker*, so the court treated the Guidelines as mandatory). Stevenson's offense level was 35 and his criminal history category was VI, making his Guidelines range 292–365 months. He also qualified as a career offender under U.S.S.G. § 4B1.1, which would have made his offense level 34 had he not already exceeded it. The court imposed a 292-month sentence.

In 2010, Stevenson filed his first § 3582(c) motion, based on Amendment 706 to the Guidelines. The district court granted the motion on March 29, 2011, reducing Stevenson's sentence to 262 months' imprisonment. This reduced sentence reflected the low end of the sentencing range for an offense level of 34 and criminal history category of VI. To reach this reduced sentence, the district court found that Stevenson's base offense level became 30. Applying the same enhancements the initial sentencing court had applied, Stevenson's total offense level became 33. But since this fell below the relevant career offender offense level, the court found that Stevenson's proper offense level was 34.

Stevenson later filed a second § 3582(c) motion, based on Amendment 750. The district court denied the motion because Stevenson was a career offender. Stevenson now appeals.

## II. ANALYSIS

A term of imprisonment is a final judgment that can only be modified in limited circumstances. 18 U.S.C. § 3582(c) describes one of those circumstances: when a defendant was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission. Under that section, a district court may reduce a prisoner's sentence if (1) the original sentence was "based on" a subsequently lowered sentencing range and (2) the reduction is consistent with the policy statements issued by the Commission, namely U.S.S.G. § 1B1.10(a). *United States v. Davis*, 682 F.3d 596, 609–10 (7th Cir. 2012). We review the district court's determination that it lacked authority under § 3582(c) to reduce Stevenson's sentence *de novo*. *United States v. Irons*, 712 F.3d 1185, 1189 (7th Cir. 2013).

This case is one of the "unusual" cases in which the offense level for the offense of conviction was even higher than the applicable career offender offense level. *See, e.g., United States v. Taylor*, 627 F.3d 674, 676 (7th Cir. 2010). Stevenson's case is unique even within this category because the offense level reduction he seeks would actually reduce the applicable guideline range. *Cf. id.* (original guidelines range the same as the applicable career offender range even though offense level decreased); *see also United States v. Williams*, 694 F.3d 917, 919 (7th Cir. 2012) (same).

Stevenson contends that he is entitled to a further reduction of his sentence because his initial sentence was not based on the career offender guideline. At his initial sentencing, his offense conduct level (35) was higher than his career offender level (34). Thus, Stevenson argues, his initial sentence was not

"based on" the career offender guideline. Even though the district court later reduced his sentence under § 3582(c) and cited the career offender guideline in doing so, the argument goes, that reduction did not change whether Stevenson's initial sentence was "based on" that guideline. *See Dillon v. United States*, 560 U.S. 817, 825–26 (2010) (a § 3582(c)(2) hearing is narrow in scope and should not be treated as a resentencing).

But this argument only permits Stevenson to clear the first of the two hurdles erected by § 3582(c) and our precedent. It does not explain how the reduction is consistent with the Commission's policy statements.[1] And for good reason: a reduction in Stevenson's case would be inconsistent with them.

When determining whether a defendant is eligible for a sentence reduction, the policy statements explain that a court substitutes only the amended Guidelines, leaving all other guidelines decisions made during the initial sentencing unaffected. U.S.S.G. § 1B1.10 cmt. n. 1(A); *see also Dillon*, 560 U.S. at 825–26. At Stevenson's original sentencing, the district court sentenced him using the crack cocaine offense guideline, which produced a higher offense level than the applicable career offender guideline.

---

[1] Stevenson attempts to argue that the policy behind the crack cocaine amendments applies "compellingly" in this case but his argument simply repeats his earlier assertion that he was sentenced "based on" a guideline range that the Commission subsequently amended.

But that decision did not erase the court's determination that Stevenson was a career offender, as the ruling on Stevenson's first § 3582(c) motion demonstrates.[2] In considering that motion, the court found that, applying Amendment 706, Stevenson's offense level dropped to 33. Because the initial sentencing court had found that Stevenson was a career offender, however, the court applied an offense level of 34.

We find this logic persuasive, and think the same applies here. The sentencing court's determination that Stevenson was a career offender was a "guidelines decision" and remains in place despite the subsequent changes to the crack cocaine guidelines. *See United States v. Waters*, 648 F.3d 1114, 1117 (9th Cir. 2011). Where a defendant's conduct-based offense level exceeds the career offender guideline (or other mandatory minimum sentence) and the defendant is sentenced based on the higher offense level, his sentence cannot later be reduced below the career offender level, provided the original sentencing court found that he was a career offender. To hold otherwise would grant a windfall to convicted criminals whose one-time offense conduct was so egregious the corresponding sentence exceeded the relevant career criminal sentence.

In closing, we note that our holding today respects the Supreme Court's decision in *Dillon*, which emphasizes the narrow scope of a resentencing under § 3582(c). 560 U.S. at 825–26. Our decision depends entirely on the district court's finding that Stevenson was a career offender at his initial

---

[2] The court made this determination by formally adopting the guideline application in the presentence report.

sentencing, not its ruling on Stevenson's first § 3582(c) motion. Were there no prior § 3582(c) motion, the result today would be the same.

### III. CONCLUSION

For the reasons above, we AFFIRM the district court's denial of Stevenson's motion to reduce sentence.