> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 14, 2018
Decided November 26, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-1634

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 3:17-cr-67 |
| MAURICE JOHNSON, JR., *Defendant-Appellant*. | James D. Peterson, *Chief Judge*. |

**O R D E R**

The district court sentenced Maurice Johnson, a career offender, to 96 months in prison when the applicable guidelines range was 151 to 188 months. On appeal Johnson asks to be resentenced, arguing that the district court relied on inaccurate information at sentencing. The alleged error, however, relates to an enhancement under a guidelines calculation that would have applied only if he were *not* a career offender. Thus, the fact that Johnson asserts is "an obvious fiction"—that he possessed a stolen firearm—had no bearing on his sentence, and we affirm.

Johnson was driving his girlfriend's rental car when police officers pulled him over in response to a report from a rental company that the car had been stolen. Johnson told the officers that he had both heroin and a handgun in the car. The officers arrested Johnson and confiscated 2.932 grams of heroin with traces of fentanyl. Their investigation revealed that a man named Bradley Benson had reported the gun as stolen.

Johnson pleaded guilty to illegally possessing heroin and the gun. See 21 U.S.C. § 841(a)(1); 18 U.S.C. § 922(g)(1). At sentencing the district court considered two possible guidelines ranges because closely related convictions are grouped if the conduct that amounts to one crime is also a "special offense characteristic" of another offense. See U.S.S.G. § 3D1.2(c). In Johnson's case, drug trafficking was a special offense characteristic of the firearm offense, U.S.S.G. § 2K2.1(b)(6)(B), and vice versa, § 2D1.1(b)(1).

The guideline calculation for the drug-trafficking conviction included a career-offender enhancement because Johnson had at least two prior controlled-substance convictions for manufacturing and delivering heroin and cocaine. See U.S.S.G. § 4B1.1(a). The total offense level was 29, and an advisory sentencing range of 151 to 188 months' imprisonment resulted. The sentence for the firearm-possession conviction, however, was not subject to a career-offender enhancement, and thus the total-offense level was 27 and the guidelines range 120 to 150 months. That calculation included a two-level enhancement because Johnson's gun had been reported stolen. See U.S.S.G. § 2K2.1(b)(6)(B). Though Johnson maintains, without dispute, that he bought the gun from a drug dealer named "Stain," the enhancement applies no matter who stole the gun. See *United States v. Sanchez*, 507 F.3d 532, 538–39 (7th Cir. 2007).

Johnson objected to the two-level enhancement for possessing a stolen gun because there were "reasons to doubt" Benson's story. He posited that Benson falsely reported the gun as stolen because he was a "straw purchaser for firearms" who feared that any crimes committed with the gun he resold (presumably to "Stain") could be traced to him. Johnson pointed to facts he found suspicious in the police report to support his theory.

Although agreeing that there were "some peculiarities" with the police report, the district court overruled Johnson's objection and found that the gun was stolen. The court also underscored that any discussion of the stolen-gun enhancement was "academic" because the drug-trafficking offense level took precedence in determining the advisory sentencing range: judges must use the higher of the offense levels in the

career-offender table or in the guideline that would apply if the defendant were not a career offender. See U.S.S.G. § 4B1.1(b). Accordingly, the district court adopted the guidelines range that included the career-offender enhancement, 151 to 188 months, and imposed 96-month concurrent sentences.

On appeal Johnson renews his objection to the stolen-gun enhancement, highlighting the same "reasons to doubt" Benson's theft report. He argues that the district court procedurally erred in finding that Johnson's gun was stolen based on a police report that lacked sufficient indicia of reliability. His argument is meritless, however, because the stolen-gun enhancement did not factor into his sentence. So, even if Johnson could demonstrate that the police report on which the enhancement would have been based is indeed a "fabrication," any error related to the alternative calculation would be harmless. See *United States v. Andreas*, 216 F.3d 645, 658 (7th Cir. 2000).

The guidelines calculation for the offense of illegally possessing a firearm was relevant for one reason: to determine whether it would lead to a higher or lower offense level than the one applicable to the drug-trafficking conviction. Because the latter was higher by two levels, it controlled. See U.S.S.G. § 4B1.1(b); *United States v. Williams*, 694 F.3d 917, 918 (7th Cir. 2012). Therefore, Johnson's argument about the non-career-offender sentencing range is irrelevant. See *United States v. Turner*, 604 F.3d 381, 384 (7th Cir. 2010). Johnson seeks a change that would *decrease* the offense level for the firearm offense by two levels, but only an *increase* could affect his sentence (and not in his favor). He therefore cannot show prejudice and has nothing to gain from a remand.

For completeness, however, we note that Johnson's argument challenging the stolen-gun enhancement misses the mark. A district court must find the facts sufficient to support an enhancement by a preponderance, and this court reviews such findings only for clear error. *United States v. Sewell*, 780 F.3d 839, 848 (7th Cir. 2015). Johnson's speculative assertions do not establish that the police report was unreliable, see *United States v. Musgraves*, 831 F.3d 454, 468–69 (7th Cir. 2016); he simply beckons us to reweigh the evidence, something we will not do, *Sewell*, 780 F.3d at 847.

AFFIRMED