# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3229

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Quincy Demond Tolliver, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: June 10, 2009
Filed: July 7, 2009

_____

Before MURPHY, ARNOLD, and GRUENDER, Circuit Judges.

_____

MURPHY, Circuit Judge.

Quincy Demond Tolliver pled guilty to a conspiracy drug offense involving distribution of cocaine base (crack). The district court[1] sentenced Tolliver as a career offender to 262 months in prison, but later granted Tolliver habeas relief and imposed a 188 month sentence. When Tolliver moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the sentencing guidelines, the district court denied the motion. Tolliver appeals, and we affirm.

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

In March 1998 Tolliver pled guilty to conspiracy to distribute and to possess with intent to distribute in excess of 269 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846. The guilty plea was entered pursuant to a written plea agreement, by which the parties agreed Tolliver was responsible for 269 grams of crack cocaine, the base offense level was 34, and his criminal history category was VI. The parties anticipated that after a 3 point reduction for acceptance of responsibility, Tolliver's guideline range would be 188-235 months in prison. The government agreed not to oppose Tolliver's request to be sentenced at the bottom of the "correctly determined sentencing range."

In the presentence report the probation officer determined that Tolliver qualified as a career offender under U.S.S.G. § 4B1.1, resulting in a total offense level of 34, a criminal history category VI, and a resulting guideline imprisonment range of 262-327 months. Tolliver moved for a downward departure. The government opposed any departure based on the overstatement of Tolliver's criminal history under U.S.S.G. § 4A1.3, but stated that it might be appropriate to sentence Tolliver as contemplated by the plea agreement, citing the other grounds for departure under U.S.S.G. § 5K2.0. At sentencing the district court found Tolliver to be a career offender, declined to grant a downward departure, and sentenced him to 262 months in prison.

After several failed efforts to appeal his sentence, Tolliver filed a pro se 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Tolliver was subsequently appointed counsel who filed a motion for resentencing, a motion to amend the § 2255 motion, and a motion for downward departure pursuant to U.S.S.G. § 5K2.0. The government responded that it would not oppose a resentencing on a limited basis. The parties signed a stipulation agreement which stated that if the district court would grant the § 2255 motion and resentence Tolliver to 188 months in prison "as originally contemplated," then Tolliver would withdraw his motion to amend.

The district court granted Tolliver's § 2255 motion, noting that "[b]ased upon a stipulation between the parties" Tolliver's sentence is amended to 188 months "as originally contemplated in the plea agreement." In the amended criminal judgment, the court again determined Tolliver's guideline range to be 262-327 months but sentenced him outside the guideline range to 188 months, reasoning that the sentence was "pursuant to the stipulation signed by counsel."

After the passage of Amendment 706, which generally lowered the base offense level for crack offenses by two levels, Tolliver moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). Tolliver argued that his 188 month sentence "was based not on the career offender adjustment but on the now amended [U.S.S.G.] § 2D1.1 drug table." The district court denied Tolliver's motion, stating that Tolliver was not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) because the amended guidelines did not change Tolliver's status as a career offender. The court noted that Tolliver's 188 month sentence "was based on a stipulation between the parties, and not on a change to the offense level."

On appeal Tolliver argues that the district court erred in denying his motion for a sentence reduction because the 188 month sentence imposed had "no relationship to the career offender guidelines" but was based on the low end of his sentencing range which was "calculated by implementation of the drug quantity tables, as settled by the parties in the original plea agreement and a second time during negotiations over the post-conviction relief petition." The government argues that the district court did not err in concluding Tolliver, as a career offender, was ineligible for a reduced sentence under 18 U.S.C. § 3582(c)(2) because Amendment 706 did not lower his "applicable guideline range." Alternatively the government contends that a sentence reduction was not warranted because the district court sentenced Tolliver in accordance with the parties' stipulation and not a post-departure guideline range.

We review de novo the district court's authority to modify a sentence under 18 U.S.C. § 3582(c)(2). United States v. Baylor, 556 F.3d 672, 673 (8th Cir. 2009) (per curiam); see also United States v. Williams, 551 F.3d 182, 185 (2d Cir. 2009) (statutory interpretation is underpinning of district court's finding that defendant was not eligible for sentence reduction under § 3582(c)(2)); United States v. Caraballo, 552 F.3d 6, 9 (1st Cir. 2008) (whether district court had authority to act under § 3582(c)(2) "is purely a question of statutory interpretation"), cert. denied, 129 S. Ct. 1929 (2009).

Section 3582(c)(2) provides that a district court may reduce a defendant's term of imprisonment if that sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). According to the relevant policy statement, a reduction is not authorized where the amendment in question, in this case Amendment 706, "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

The government argues that the district court's determination that Tolliver was a career offender under the guidelines precludes his eligibility for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). See United States v. Tingle, 524 F.3d 839, 840 (8th Cir.) (applicable guideline range for career offenders was not lowered by 706) (per curiam), cert. denied, 129 S. Ct. 473 (2008). Specifically the government contends that under the application instructions of the guidelines, see U.S.S.G. § 1B1.1, the district court's departure from Tolliver's career offender guideline range is categorically outside the "applicable guideline range." We agree.

"The Sentencing Commission directs courts to apply the guidelines provisions in a specific order." United States v. Doe, 564 F.3d 305, 311 (3d Cir. 2009). Generally a sentencing court must determine the guideline range in Part A of Chapter

5 by first calculating the base offense level under Chapter 2, then adjusting that level for various factors listed in Chapter 3, and then determining the criminal history category under Part A of Chapter 4 and any adjustments under Part B of Chapter 4, such as the enhanced offense levels for career offenders pursuant to U.S.S.G. § 4B1.1. U.S.S.G. § 1B1.1(a)-(g).

The penultimate step in applying the guidelines, U.S.S.G. § 1B1.1(h), instructs the district court to determine the sentencing requirements and options for the particular guideline range under Parts B through G of Chapter 5. It is at this step where the government argues that Tolliver's "applicable guideline range" for purposes of § 1B1.10(a)(2)(B) had been established. For support the government points to several guideline provisions that acknowledge the "applicable guideline range" at this step. See U.S.S.G. §§ 5B1.1(a) (probation term is authorized if "applicable guideline range" is in Zone A of sentencing table or Zone B with certain restrictions), 5C1.1(d) (term of imprisonment required if "applicable guideline range is in Zone C"), 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."); cf. Doe, 564 F.3d at 311 (calculation of statutory mandatory minimum under § 5G1.1(b), not that of initial guideline range under § 5A, was "final step" in determining defendants' applicable guideline ranges).

After determining the "applicable guideline range," the final step in applying the guidelines, U.S.S.G. § 1B1.1(i), is the district court's determination of whether any departures are warranted. See U.S.S.G. § 1B1.1, comment. (n.1(E)) (defining "departure" as "imposition of a sentence outside the applicable guideline range or of a sentence that is otherwise different from the guideline sentence"); Stinson v. United States, 508 U.S. 36, 38 (1993) (guideline commentary interpreting or explaining guideline "is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline"). The government further bolsters its argument that Tolliver's "applicable guideline range" had been

determined before the district court's decision to depart by pointing to U.S.S.G. § 5K2.0 which lists several other grounds that warrant departure "from the applicable guideline range." See U.S.S.G. § 5K2.0(a)-(e).

We are persuaded that in reference to the application instructions set forth in U.S.S.G. § 1B1.1, Tolliver's "applicable guideline range," for the purposes of U.S.S.G. § 1B1.10(a)(2)(B), was established after the district court determined that Tolliver's corresponding guideline range as a career offender was 262-327 months, but before the court departed from that range. It follows that a district court's proper adherence to the application instructions will only permit a departure from the "applicable guideline range," and thus precludes a departure to the "applicable guideline range." Accordingly, we conclude that any post-departure guideline range that the district court might have relied upon in determining the extent of Tolliver's departure was not the "applicable guideline range." Cf. Caraballo, 552 F.3d at 11 ("Under an advisory guidelines system, a variance is granted in the sentencing court's discretion after the court has established an appropriately calculated guideline sentencing range. It is that sentencing range that must be lowered by an amendment in order to engage the gears of section 3582(c)(2)." (emphasis in original; internal citation omitted)).

We recognize that our conclusion conflicts with the Second Circuit's recent decision in United States v. McGee, 553 F.3d 225 (2d Cir. 2009) (per curiam), that held that a defendant, who was designated a career offender at sentencing, but was granted a departure under U.S.S.G. § 4A1.3 so that his ultimate sentence was explicitly based on the crack cocaine guidelines, is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). Id. at 227-28 (noting that § 1B1.10(a)(2)(B) "is subject to different interpretations" and should not be read to preclude possibility that defendant who was, even if by virtue of departure, sentenced based on crack guidelines would be eligible for reduction; "different reading would lend itself to excessive formalism"). In McGee, however, the Second Circuit did not conduct an

analysis of the application instructions set forth in U.S.S.G. § 1B1.1, which, as we determine, effectively define all departures to be outside the "applicable guideline range."

Because Tolliver's "applicable guideline range" was his career offender range and that range has not been lowered by Amendment 706, we conclude that Tolliver was not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). See U.S.S.G. § 1B1.10, comment. (n.1(A)) (eligibility for consideration under § 3582(c)(2) is triggered only by amendment that lowers applicable guideline range). Accordingly, the district court lacked the authority to reduce Tolliver's prison sentence and did not err in denying Tolliver's motion.

In any event, we also conclude that the district court did not err in denying Tolliver's motion for a sentence reduction because Tolliver's sentence was explicitly based on a stipulation between the parties, and not on "a sentencing range that ha[d] subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); cf. United States v. Keith, No. 08-3439, 2009 WL 1783764, at *4 (3d Cir. June 24, 2009) (court was without authority to modify sentence where parties' Fed. R. Crim. P. 11(c)(1)(C) plea agreement was only basis for sentence). We find unavailing Tolliver's assertion, even if true, that during the negotiations to resolve his § 2255 motion by a stipulation agreement, the parties considered the crack cocaine guidelines in determining a 188 month sentence was appropriate.

Accordingly, we affirm the judgment of the district court.

_____