# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3785

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Southern District of Iowa. |
| Mark Steven Ayala, | * |
| | * [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: October 19, 2009
Filed: November 4, 2009

_____

Before RILEY, HANSEN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

A grand jury charged Mark Steven Ayala (Ayala) with five separate counts in a superseding indictment. Pursuant to the terms of a Fed. R. Crim. P. 11(e)(1)(C)[1] plea agreement, Ayala pled guilty to (1) conspiracy to distribute methamphetamine, cocaine, cocaine base, and marijuana, in violation of 21 U.S.C. § 846; and (2) use of a person under the age of 18 to distribute methamphetamine, in violation of 21 U.S.C. § 861(a).

---

[1]The current version of that rule is denominated Fed. R. Crim. P. 11(c)(1)(C).

In the plea agreement, Ayala and the government agreed to a sentence of 360 months imprisonment. Ayala later sought a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the United States Sentencing Guidelines (U.S.S.G. or Guidelines), which changed the drug quantity table set forth at U.S.S.G. § 2D1.1 by reducing the base offense levels for offenses involving cocaine base. Ayala also sought a sentence reduction based upon "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A)(i). The district court[2] denied Ayala's requested relief, and we affirm.

Whether a district court had authority to modify a sentence under 18 U.S.C. § 3582(c) is a question of law we review de novo. See United States v. Tolliver, 570 F.3d 1062, 1065 (8th Cir. 2009) (citations omitted). Whether a district court's modification of a sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is reviewed de novo or for an abuse of discretion appears to be an open question in this circuit and other circuits. We do not decide the review standard because § 3582(c)(1)(A)(i) was not triggered here, a decision we review de novo.

We conclude the district court properly denied Ayala's requested relief under 18 U.S.C. § 3582(c)(2) because Ayala's Guidelines range was calculated based upon Ayala's distribution of cocaine, marijuana, and methamphetamine, and not cocaine base. Additionally, sentences based upon a binding Rule 11(c)(1)(C) plea agreement cannot be altered pursuant to the Guidelines amendments reducing base offense levels for crack cocaine offenses. See United States v. Scurlark, 560 F.3d 839, 842 (8th Cir. 2009).

The district court also properly denied Ayala's request for a reduced sentence under 18 U.S.C. § 3582(c)(1)(A)(i) because the Director of the Bureau of Prisons did

---

[2]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

not file a motion requesting relief for "extraordinary and compelling reasons." See United States v. Kelley, 956 F.2d 748, 753 (8th Cir. 1992) (explaining "[t]he court may modify a term of imprisonment upon motion by the Director of the Bureau of Prisons after considering the factors set forth in [18 U.S.C. §] 3553(a) . . . if it finds extraordinary and compelling reasons warrant a reduction").

We affirm the district court's judgment.

_____