# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2884

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Timothy C. Washington, also known as | * | |
| Timothy Charles Washington, also | * | |
| known as Perrion Keesee Washington, | * | |
| also known as Perrion Charles | * | |
| Washington, also known as Prion C. | * | |
| Washington, also known as Lester | * | |
| Jackman, also known as Lester Baby | * | |
| Fly Jackman, also known as Baby Fly | * | |
| Washington, also know as Tim | * | |
| Washington, also know as Timmy | * | |
| Washington, also known as Timmy | * | |
| S. Washington, also known as Timothy | * | |
| Washington, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  March 8, 2010
Filed: August 25, 2010

_____

Before SMITH, BENTON, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Timothy C. Washington appeals the district court's[1] denial of his 18 U.S.C. § 3582(c)(2)[2] motion for (1) a reduction in sentence pursuant to Amendment 706 to the Sentencing Guidelines[3] and (2) an evidentiary hearing so that the court could reduce his sentence further in consideration of the 18 U.S.C. § 3553(a) factors.[4]  We affirm.

---

[1]The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

[2]Section 3582(c)(2) provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

[3]Amendment 706 reduced the base offense level for offenses involving cocaine base by two levels.  United States v. Higgins, 584 F.3d 770, 771 (8th Cir. 2009).

[4]The § 3553(a) factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed-
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for-
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines-
. . .
(5) any pertinent policy statement-

# I.

On May 22, 1998, after a second jury trial,[5] Timothy C. Washington was convicted of (1) conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base, see 21 U.S.C. § 846, and (2) possession with intent to distribute 5 grams or more of a mixture or substance containing a detectable amount of cocaine base, see id. § 841(a)(1). The presentence investigation report (PSR) attributed between 150 and 500 grams of cocaine base to Washington. Given this quantity of drugs, Washington's base offense level was 34. See United States Sentencing Commission, Guidelines Manual, §2D1.1(3) (Nov. 1998).[6] His adjusted offense level was 38 based on his aggravating role in a drug conspiracy involving at least 5 participants. See id. §3B1.1(a). The PSR concluded that Washington was a career offender because he had two prior felony convictions that constituted crimes of violence. See id. §4B1.1. Under the career offender-guideline, Washington's base offense level was 37. See id. In order to calculate Washington's advisory Guidelines range, the PSR used the adjusted drug-quantity offense level because it was higher than the career-offender offense level.[7] Based on

---

. . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

[5]Washington's first trial ended in a mistrial.

[6]Washington's PSR used the 1998 Guidelines Manual in calculating his Guidelines sentencing range. Because using the current version of the Guidelines Manual would result in a different base offense level pursuant to the drug quantity table, we cite the 1998 Guidelines Manual.

[7]The career offender guideline provides: "If the offense level for a career criminal from the table below is greater than the offense level otherwise applicable, the offense level from the table below shall apply." USSG §4B1.1. "Based on the 'fair meaning' of § 4B1.1, it logically follows that if the 'otherwise applicable' . . .

a total offense level of 38 and a criminal history category of VI, Washington's advisory Guidelines range was 360 months to life imprisonment.

At Washington's sentencing hearing on January 7, 1999, the district court stated:

> With respect to . . . whether the defendant is a career offender or not, what I said in the tentative findings was that it really doesn't make any difference because the criminal history category is going to be Roman number VI either way, whether he is found to be a career offender or not. I think the evidence shows that he is a career offender as it's defined, but again, it doesn't make any difference with respect to his sentence. He has, under the guidelines, 14, perhaps 13 criminal history points, which would place him in the criminal history category of VI either way. So I'll leave it at that.

(Sentencing Tr. 769.) The court adopted the PSR and found that Washington's total offense level was 38 with a criminal history category of VI, yielding a Guidelines range of 360 months to life. The court sentenced Washington to 360 months imprisonment on each conviction, to be served concurrently.

On April 15, 2009, Washington filed a Motion to Reduce Sentence and Request

---

offense level is greater, then the sentencing court must apply that offense level. [This] reading of § 4B1.1 . . . is consistent with the legislatures' manifest intent [that] . . . § 4B1.1 is intended as a sentence enhancement." United States v. Zimmer, 299 F.3d 710, 721 (8th Cir. 2002) (quoting United States v. Gay, 240 F.3d 1222, 1231 (10th Cir. 2001) (citation omitted)); see United States v. Marrone, 48 F.3d 735, 740 n.9 (3d Cir. 1995) ("A career offender's offense level is the greater of the offense level applicable to the underlying conduct or the appropriate offense level specified in section 4B1.1."); United States v. Robinson, 935 F.2d 201, 205-06 (11th Cir. 1991) ("It would appear the negative corollary of [section 4B1.1's] statement must also apply; i.e., if the offense level from the career offender table is less than the otherwise applicable offense level, the greater of the offense levels shall apply.").

for Evidentiary Hearing pursuant to 18 U.S.C. § 3582(c)(2), seeking (1) a sentence reduction based on Amendment 706 and (2) an evidentiary hearing for his sentence to be "reduce[d] . . . by whatever amount the factors at 18 U.S.C. [§] 3553(a) warrant" because "the sentencing guidelines have been rendered advisory . . . ." (Appellant's App. 2.)  On July 29, 2009, the district court denied the motion, concluding that (1) "given the particular facts of this case, [Washington][was] not eligible for a sentence reduction," and (2) Washington was not entitled to an evidentiary hearing. (Id. at 28.)  The court explained Washington's ineligibility for a sentence reduction, stating:

> Amendment 706 does reduce the defendant's base offense level from 34 to 32 and his adjusted offense level from 38 to 36.  However, I must apply the guidelines provision in a specific order, see United States v. Tolliver, [570 F.3d 1062, (8th Cir. 2009)] (quoting United States v. Doe, 564 F.3d 305, 311 (3d Cir.)[, cert. denied, 130 S. Ct. 563 (2009),] and the reduction of the defendant's offense level pursuant to Amendment 706 triggers the career offender guideline.  [U]nder the career offender guideline, the defendant's offense level would be 37.  See U.S.S.G. § 4B1.1(b).  See also 21 U.S.C. §§ 841(b)(1)(A), 846 (indicating that the offense statutory maximum applicable to Count I is life imprisonment). Because the defendant's career offender level (i.e., 37) exceeds the offense level otherwise applicable in the wake of Amendment 706 (i.e., 36), the career offender offense level must be applied.  See U.S.S.G. § 4B.1(b) ("[I]f the offense level for a career offender from the table [in this subsection] is greater than the offense level otherwise applicable, the offense level from the table [in this subsection] shall apply.")  A total offense level of 37, together with a criminal history category of VI, results in a guidelines range of 360 months to life.  See U.S.S.G. Ch. 5, Pt. A. *This is identical to the range that was applicable at the time of the defendant's original sentencing*.

(Id. at 28-29 (emphasis added).)

Washington appeals, arguing that (1) he was originally sentenced under the drug quantity guideline and, therefore, is eligible for a sentence reduction under section 3582(c)(2) pursuant to Amendment 706, and (2) he is entitled to an evidentiary hearing to present evidence that his sentence should be further reduced pursuant to the section 3553(a) factors.

We first consider whether the district court had authority to modify Washington's sentence under section 3582(c)(2), a question of law we review de novo. See United States v. Tolliver, 570 F.3d 1062, 1065 (8th Cir. 2009). Pursuant to section 3582(c)(2), a district court may reduce a defendant's sentence if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "Under 18 U.S.C. § 3582(c)(2), a defendant may be eligible for a sentence reduction if he is currently serving a sentence for a crack cocaine offense and [Amendment 706] has lowered the guideline range under which he was originally sentenced." United States v. Curry, 584 F.3d 1102, 1103-04 (8th Cir. 2009). However, a reduction is not authorized where Amendment 706 "does not have the effect of lowering the defendant's applicable guideline range." United States Sentencing Commission, Guidelines Manual, §1B1.10(a)(2)(B) (Nov. 2009).

The issue presented in this appeal is the applicability of Amendment 706 to a career offender whose original sentence was based on the drug quantity table, not the career offender-guideline. We addressed this issue in United States v. King, 360 F. App'x 714 (8th Cir. 2010) (unpublished per curiam). There, King's base offense level from the drug quantity table was 38. Id. at 715. King also qualified as a career offender, which yielded an offense level of 37. Id. In calculating King's advisory Guidelines range, the district court utilized the higher drug-quantity offense level. Id.;

-6-

see supra note 7.  King was originally sentenced to 292 months imprisonment, the bottom of his Guidelines range, but his sentence was later reduced—by approximately 33%—to 195 months, via the district court's grant of the government's motion to reduce the sentence.  King, 360 F. App'x at 715.

King later filed a section 3582(c)(2) motion for a sentence reduction in light of Amendment 706.  Id.  The district court recognized that Amendment 706 reduced King's base offense level from 38 to 36 but applied the higher career offender offense level of 37, yielding a new Guidelines range of 262 to 327 months imprisonment.  Id. After applying a 33% reduction to the bottom of the new Guidelines range, the court then reduced King's sentence from 195 months to 175 months imprisonment.  Id.

King appealed, arguing that the district court should not have used the career-offender offense level to calculate his new Guidelines range.  Id.  We rejected this contention and affirmed King's new sentence, observing:

> [T]he District Court correctly calculated King's new Guidelines range. Had Amendment 706 been in effect at the time of King's original sentencing, his drug-quantity base offense level under section 2D1.1 would have been 36.  Because the career-offender offense level of 37 was higher, it would have been used to calculate the appropriate Guidelines range.

Id. at 716.  King is analogous to this case, and, applying King here, the district court correctly determined that Washington is ineligible for a sentence reduction pursuant to Amendment 706.  On the sentencing record in this case, Amendment 706 did not have the effect of lowering Washington's Guidelines range.  Therefore, the district court correctly determined that Washington was ineligible for a sentence reduction and denied his motion for such a reduction.  See 18 U.S.C. § 3582(c)(2); see also USSG §4B1.1.

Next, Washington asserts that he was entitled to an evidentiary hearing to determine whether the section 3553(a) factors warranted a sentence reduction below the applicable Guidelines range. However, as Washington concedes, his argument is foreclosed by this court's decision in United States v. Starks, 551 F.3d 839 (8th Cir.), cert. denied, 129 S. Ct. 2746 (2009), holding that a district court does not have the authority to reduce a defendant's sentence to a term below the amended Guidelines range. See id. at 843; see also USSG §1B1.10(a)(3) (specifying that proceedings under section 3582(c) "do not constitute a full resentencing of the defendant"); id. §1B1.10(b)(2)(A) (noting that a court must not reduce the sentence of a defendant who was originally sentenced within his or her applicable Guidelines range to "a term that is less than the minimum of the amended guideline range"). Since submission of this case, the Supreme Court decided Dillon v. United States, 130 S. Ct. 2683 (2010), plainly holding that "§ 3582(c)(2) does not authorize a sentencing or resentencing proceeding." Id. at 2690. Therefore, we affirm the district court's denial of such a hearing.

III.

For the foregoing reasons, we affirm the judgment of the district court.

_____