# United States Court of Appeals

### For the Eighth Circuit

_____

No. 12-1156

_____

United States of America

*Plaintiff - Appellee*

v.

Ronald Williams

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: September 18, 2012
Filed: September 25, 2012
[Unpublished]

_____

Before WOLLMAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Ronald Williams sought a sentence reduction under 18 U.S.C. § 3582(c)(2) and the Fair Sentencing Act of 2010. Because of his career offender status, the district

court[1] found him ineligible for a reduction under the provisions of the Act that lowered base offense levels for crack cocaine charges. Williams appeals. We affirm.

Williams pled guilty to one count of conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 841 which carries a statutory maximum sentence of 40 years. The presentence investigation report (PSR) calculated a base offense level of 36 based on the 630 grams of crack attributed to Williams. Since Williams had two prior convictions for violent or drug related felonies, the PSR also reported that he was a career offender with a base offense level of 34 under the career offender guideline. The PSR used the higher of the two offense levels as required. See U.S.S.G. § 4B1.1(b). After a three level reduction for acceptance of responsibility Williams's final offense level was 33, resulting in a guideline range of 235 to 293 months. Williams did not object to the PSR's recommendations and the district court accepted them as "factually accurate for all matters." The court imposed a sentence of 235 months, the low end of the guideline range, with a seven month credit for time already spent in custody.

The Sentencing Commission retroactively lowered the base offense levels for crack cocaine violations in 2007. With that change Williams had a new base offense level of 34 and a guideline range of 188 to 235 months. The district court then reduced Williams's sentence to 181 months.

Congress subsequently lowered the base offense levels for crack cocaine violations in the Fair Sentencing Act of 2010 so that the quantity of drugs for which Williams was responsible would now produce a base offense level of 32 and a guideline range of 151 to 188 months. Williams moved for another sentence reduction based on this change since his sentence had been initially based on the drug quantity table. The district court denied Williams's motion, however, because his

---

[1] The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

career offender level was now higher and thus controlled his sentence. See U.S.S.G § 1B1.10(a)(2)(B).

We review de novo the district court's determination that Williams was not eligible for a sentence reduction under § 3582(c)(2). United States v. Tolliver, 570 F.3d 1062, 1065 (8th Cir. 2009). A district court may reduce a defendant's sentence under § 3582 if his guideline range is subsequently lowered, but only if the reduction actually would "have the effect of lowering [the] applicable guideline range." U.S.S.G § 1B1.10(a)(2)(B). Accordingly, we recognized in United States v. Washington, 618 F.3d 869, 873 (8th Cir. 2010), that a career offender is not eligible for a sentence reduction based on changes to the drug quantity tables if the new sentence would fall below the applicable guideline range for career offenders.

Washington controls the outcome of this case. As the district court correctly determined, the drug quantity table provided a lower base offense level at this junction in Williams's case than the career offender provision. Compare U.S.S.G. § 2D1.1(c)(4) (base offense level 32 for 630 grams of crack cocaine) with id. § 4B1.1(b)(2) (base offense level 34 for crime with statutory maximum sentence 25 years or more). Williams is not eligible for a reduction that would take his sentence below the career offender guideline range even though his original sentence was based on the drug quantity table. Washington, 618 F.3d at 873.

Williams argues that Washington does not apply because the district court never determined that he was a career offender. Although Williams is correct that the district court did not use the term "career offender" at sentencing, the court adopted the PSR's recommendations. These recommendations included a finding that Williams was a career offender. Since the sentencing court conclusively determined that Williams was a career offender, we "leave [that] guideline application decision[] unaffected" and apply Washington. U.S.S.G. § 1B1.10(b)(1); Dillon v. United States, 130 S. Ct. 2683, 2694 (2010).

Accordingly, we affirm the order of the district court denying Williams's motion for a sentence reduction.

_____