# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2075

_____

United States of America

*Plaintiff - Appellee*

v.

Orondee Jacquell Maxwell

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Ft. Dodge

_____

Submitted: November 13, 2012
Filed: November 26, 2012
[Unpublished]

_____

Before RILEY, Chief Judge, WOLLMAN and MELLOY, Circuit Judges.

_____

PER CURIAM.

Orondee Maxwell appeals from the denial of his motion for reduction of sentence under 18 U.S.C. § 3582(c)(2). The district court[1] held that Maxwell was ineligible for a reduction because his term of imprisonment was not "based on" the

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

United States Sentencing Guidelines (Guidelines) within the meaning of § 3582(c)(2). We affirm.

## I.

On the third day of a jury trial in 2007, pursuant to an oral Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, Maxwell and two codefendants pleaded guilty to conspiracy to manufacture and distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. The parties agreed that Maxwell would be sentenced to 168 months' imprisonment and that the codefendants would be sentenced to 132 and 84 months' imprisonment. Before accepting the plea, the district court inquired as to the varying sentences, to which the prosecutor explained:

> It's essentially the criminal history on each defendant and how that impacts their potential guideline or statutory sentence. In regards to Mr. Orondee Maxwell, it is most significantly and basically to irrelevance of all other criminal history affected by his prior felony criminal drug conviction which imposes a mandatory minimum sentence of 240 months regardless of where he would fall in the guidelines below that.

Plea Hr'g Tr. at 20-21. The presentence report attributed 241.72 grams of crack cocaine to Maxwell, but did not calculate a Guidelines range because Maxwell had entered into a Rule 11(c)(1)(C) plea agreement. The district court sentenced Maxwell to 168 months' imprisonment in accordance with the plea agreement.

In 2011, Maxwell moved for a reduction of sentence based on the retroactive amendments to the crack cocaine Guidelines. The district court concluded that Maxwell's term of imprisonment was "based on" the Rule 11(c)(1)(C) plea agreement, not the Guidelines, and denied the motion.

## II.

Section 3582(c)(2) permits the court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" We review *de novo* the district court's authority to modify a sentence under § 3582(c)(2). United States v. Tolliver, 570 F.3d 1062, 1065 (8th Cir. 2009).

We agree with the district court that Maxwell's term of imprisonment was "based on" the parties' Rule 11(c)(1)(C) plea agreement rather than the Guidelines. The parties agreed to a specific term of imprisonment rather than a Guidelines sentencing range, and the oral plea agreement does not "make clear" that the Guidelines were the basis for the agreed term of imprisonment. See Freeman v. United States, 131 S. Ct. 2685, 2697-98 (2011) (Sotomayor, J., concurring in the judgment). Accordingly, Maxwell is not eligible for a sentence reduction under § 3582(c)(2).

We decline Maxwell's invitation to supplement the record through an evidentiary hearing. Such a "free-ranging search through the parties' negotiating history" is expressly precluded by Justice Sotomayor's concurring opinion in Freeman. See id. at 2697.

## III.

The order denying the motion for reduction of sentence is affirmed.

_____