# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3801

_____

United States of America

*Plaintiff - Appellee*

v.

Orlando Martrel Thomas

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: December 12, 2014
Filed: December 29, 2014
[Published]

_____

Before LOKEN, BYE, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Orlando Martrel Thomas appeals the denial of his motion for a reduction of his sentence based on Amendment 782 of the Sentencing Guidelines, which became effective November 1, 2014, and retroactively reduced most drug quantity base offense levels by two levels. We affirm.

In 2011, Thomas pleaded guilty to conspiring to distribute cocaine base (crack cocaine). The district court[1] determined that he was a career offender, resulting in an advisory guidelines range of 188-235 months in prison. See U.S.S.G. § 4B1.1. The court granted a downward departure or variance and sentenced Thomas to 180 months in prison.

A district court may reduce a previously imposed prison term if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Commission has authorized a § 3582(c)(2) reduction if a guidelines amendment that it has declared retroactive lowers the defendant's "applicable guidelines range." U.S.S.G. § 1B1.10(a)(2). In resentencing, the district court "shall substitute the amended Guidelines range for the initial range, and *shall leave all other guideline application decisions unaffected.*" Dillon v. United States, 560 U.S. 817, 821 (2010), quoting U.S.S.G. § 1B1.10(b)(1) (emphasis added).

In late 2011, Thomas moved for a § 3582(c)(2) reduction based on Guidelines Amendment 750, which retroactively reduced the crack cocaine drug quantity levels in U.S.S.G. § 2D1.1. The district court denied relief because Thomas's base offense level and sentence were based on his status as a career offender, not on the drug quantity table. This ruling was consistent with prior Eighth Circuit decisions rejecting § 3582(c)(2) reductions based on an earlier crack cocaine amendment. See United States v. Washington, 618 F.3d 869, 872-73 (8th Cir. 2010) (Amendment 706); United States v. Tolliver, 570 F.3d 1062, 1065 (8th Cir. 2009) (same); United States v. Thomas, 524 F.3d 889, 890 (8th Cir. 2008) (same). We summarily affirmed,

---

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

consistent with our more recent decision in <u>United States v. Williams</u>, 488 F. App'x 168, 169-70 (8th Cir. 2012) (Amendment 750).

Amendment 782 has a broader focus than the crack cocaine amendments, lowering the base offense level for most drug quantity offenses under § 2D1.1. Thomas correctly notes that the Commission expressly made Amendment 782 retroactive (effective November 1, 2015). <u>See</u> U.S.S.G. § 1B1.10(d) and (e)(1). However, like the earlier crack cocaine amendments, Amendment 782 amended § 2D1.1. It did not lower the sentencing range established for a career offender by § 4B1.1. Therefore, Thomas's "applicable guidelines range" was unaffected by Amendment 782. The Commission made this clear in its commentary explaining Amendment 782: "guideline enhancements for offenders who . . . are . . . career offenders, ensure that the most dangerous or serious offenders will continue to receive appropriately severe sentences." U.S.S.G. Supp. App. C, at 74 (2014).

The district court correctly concluded that Orlando Thomas is not eligible for a § 3582(c)(2) reduction. Accordingly, we affirm its Order dated November 20, 2014.

_____