UNITED STATES of America,

v.

**Efrain Gomez ARISTIZABEL,
Defendant.**

No. 02 Cr. 822.

United States District Court,
S.D. New York.

Signed June 26, 2015.

Neil Michael Barofsky, U.S. Attorney's Office, New York, NY, for United States of America.

Oscar S. Rodriguez, Coral Gables, FL, for Efrain Gomez Aristizabel.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

On July 7, 2005, defendant Efrain Gomez Aristizabel ("Aristizabel") pleaded guilty to one count of conspiracy to distribute five kilograms and more of cocaine, in violation of 21 U.S.C. Section 846, one count of possession with intent to distribute seven kilograms of cocaine, in violation of 21 U.S.C. Sections 812, 841(a)(1), and 841(b)(1)(A), and one count of conspiracy to launder the proceeds of narcotics trafficking, in violation of 18 U.S.C. Section 1956(h). (Dkt. Minute Entry dated July 7, 2005.) This Court sentenced Aristizabel to two hundred sixty-two (262) months imprisonment, followed by ten (10) years supervised release. (See Dkt. No. 36.)

Effective November 1, 2014, the United States Sentencing Commission ("Sentencing Commission") adopted Amendment 782, which modified Section 2D1.1 of the United States Sentencing Guidelines Manual ("Sentencing Guidelines") to lower the Sentencing Guidelines' sentencing range for certain categories of drug-related offenses ("Amendment 782"). The Sentencing Commission then adopted Amendment 788 ("Amendment 788"), also effective November 1, 2014, which authorized retroactive application of Amendment 782 to defendants sentenced before its effective date. Amendment 788 also specifies that no incarcerated defendant can be released pursuant to Amendment 788 prior to November 1, 2015. Furthermore, the "court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." U.S.S.G. § 1B1.10(e)(1).

On March 17, 2015, Aristizabel filed a motion ("Motion") for appointment of counsel to request a sentence reduction pursuant to Amendments 782 and 788. (Dkt. No. 41.) The Court has construed Aristizabel's Motion as both a motion for appointment of counsel and for the sentence reduction. On June 23, 2015, the Probation Department made a submission to the Court and the parties, indicating its assessment that Aristizabel is ineligible for a sentence reduction under Amendments 782 and 788, because Aristizabel's offense level is based on his status as a "Career Offender" under U.S.S.G. Section 4B1.1 and not on the amount of drugs involved. There have been no further submissions or filings relating to this matter.

For the reasons discussed below, Aristizabel's Motion for appointment of counsel and for a sentence reduction is **DENIED**.

## I. LEGAL STANDARD

Under Section 3582(c)(2) of Title 18 ("Section 3582(c)(2)"), United States Code, when a defendant has been sentenced to a term of imprisonment based on a sentencing range that is subsequently lowered by

the Sentencing Commission, the Court may act upon motion of the defendant or the Director of the Bureaus of Prisons, or upon its own motion, to reduce the defendant's term of imprisonment. A court may grant a sentence reduction only after considering the factors set forth in Section 3553(a) of Title 18 ("Section 3553(a)") and upon a finding that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *See id.*

 Here, when considering a sentence reduction under the two-step inquiry laid out in *Dillon v. United States,* the Court must first decide whether a defendant is eligible for a sentence modification and then determine the "extent of the reduction authorized." 560 U.S. 817, 827, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010). In reviewing eligibility, "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment (s) to the guidelines ... had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b). As a threshold matter, for a defendant to be eligible for a reduction, the amended Sentencing Guidelines range must be lower than the range that was applied at sentencing.

 With regard to the extent of the reduction authorized, Section 1B1.10(b)(2)(A) of the Sentencing Guidelines provides that "the [C]ourt shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." The only exception to this rule applies if the defendant was sentenced to a term of imprisonment below the Sentencing Guidelines range pursuant to a government motion "to reflect the defendant's substantial assistance to authorities," in which case the Court is authorized to

grant a reduction comparably less than the amended Sentencing Guidelines range. *Id.* However, in the absence of a sentencing departure based on substantial assistance, the Court is not permitted to "reimpos[e] departures or variances imposed at the defendant's original sentencing hearing." *United States v. Erskine,* 717 F.3d 131, 137 (2d Cir.2013). Furthermore, "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2)(C).

If the defendant is eligible for a reduction, the Court proceeds to the second step of the *Dillon* analysis. The Court must decide—in light of the Section 3553(a) factors—whether to grant a reduction. *See Dillon,* 560 U.S. at 827, 130 S.Ct. 2683. Under Section 3553(a), the Court must consider, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need to "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

## II. *DISCUSSION*

▪ To be eligible for a sentence reduction, Section 3582(c)(2) requires as a threshold matter that Aristizabel's sentence be "based on a sentencing range that has subsequently been lowered." 18 U.S.C. § 3582(c)(2). Under Section 2D1.1, Aristizabel's base offense level would have been 36 at the time of sentencing. However, since Aristizabel was a Career Offender pursuant to Section 4B1.1, his offense level was instead 37, which was then lowered to 34 for acceptance of responsibility and timely notification of his intent to plead guilty. Since Aristizabel's offense level as a Career Offender was greater than the offense level otherwise applicable, his guidelines range was based on the offense level calculated pursuant to § 4B1.1. *See*

U.S.S.G. § 4B1.1(b). The applicable guidelines range for Aristizabel's offense based on an offense level of 34 and criminal history category of VI was 262 to 327 months. Therefore, Aristizabel's sentence of 262 months imprisonment was not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, but instead was based on his Career Offender status.

The fact that Aristizabel's sentence was based on his Career Offender status removes this case from the ambit of Section 3582(c)(2) and limits the Court's ability to reduce Aristizabel's sentence. *See Newton v. United States,* No. 02 Cr. 476, 2014 WL 6491961, at *1 (S.D.N.Y. Nov. 17, 2014) ("Because [the defendant] was sentenced by this Court as a Career Offender, pursuant to United States Sentencing Guideline § 4B1.1, he is not eligible for a reduction under 18 U.S.C. § 3582(c)(2)."); *United States v. Thomas,* 775 F.3d 982, 983 (8th Cir.2014) ("[Amendment 782] did not lower the sentencing range established for a career offender by § 4B1.1 ... The Commission made this clear in its commentary explaining Amendment 782: 'guideline enhancements for offenders who ... are ... career offenders, ensure that the most dangerous or serious offenders will continue to receive appropriately severe sentences.' U.S.S.G. Supp.App. C, at 74 (2014)."). *See also United States v. Martinez,* 572 F.3d 82, 85 (2d Cir.2009) ("[A] defendant convicted of crack cocaine offenses but sentenced as a career offender under U.S.S.G. § 4B1.1 is not eligible to be resentenced under the amendments to the crack cocaine guidelines.").

### *MOTION TO APPOINT COUNSEL*

In light of the Probation Department's clear determination of Aristizabel's ineligibility for a sentence reduction, the Court concludes that appointment of counsel to argue Aristizabel's Motion is not warranted in this case.

### III. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the motion of defendant Efrain Gomez Aristizabel (Dkt. No. 41) for a sentence reduction pursuant to Amendments 782 and 788 of the United States Sentencing Guidelines, is **DENIED** with prejudice; and it is further

**ORDERED** that the motion of defendant Efrain Gomez Aristizabel for appointment of counsel is **DENIED**.

**SO ORDERED.**