# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 19-1728

———————————————

United States of America

*Plaintiff - Appellee*

v.

Mauriosantana Cowan

*Defendant - Appellant*

————————

Appeal from United States District Court
for the Southern District of Iowa - Davenport

————————

Submitted: October 17, 2019
Filed: October 24, 2019
[Unpublished]

————————

Before GRUENDER, BENTON, and STRAS, Circuit Judges.

————————

PER CURIAM.

Mauriosantana Paul Cowan pled guilty pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement containing a waiver of the right to file a motion

under 18 U.S.C. § 3582(c)(2). He now appeals after the district court[1] denied his renewed section 3582(c)(2) motion to reduce his sentence under Guidelines Amendment 782, which lowered the base offense levels for certain drug offenses. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Counsel has moved to withdraw and has submitted a brief which acknowledges that the plea agreement contained a waiver of the right to seek section 3582(c)(2) relief, but challenges the voluntariness of that waiver and argues that Cowan is eligible for a sentence reduction.

This court concludes that the record shows Cowan knowingly and voluntarily agreed to the section 3582(c)(2) waiver. *Cf. United States v. Scott*, 627 F. 3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver); *United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into waiver and plea agreement, and enforcing waiver would not result in miscarriage of justice). As the section 3582(c)(2) waiver is valid, this court concludes that the district court did not err in denying Cowan's renewed motion. *See Freeman v. United States*, 564 U.S. 522, 541 (2011) (Sotomayor, J., concurring in the judgment) (if government wants to ensure that defendant's term of imprisonment will not be reduced, it can negotiate with defendant to waive right to seek sentence reduction under § 3582(c)(2)). This court has previously determined that Amendment 782 would not afford Cowan relief under section 3582(c)(2), because his Guidelines range was calculated based upon his status as a career offender. *See United States v. Cowan*, No. 17-3105 (8th Cir. May 24, 2018); *United States v. Thomas*, 775 F.3d 982, 983 (8th Cir. 2014) (per curiam) (defendant was not entitled to sentence reduction under Amendment 782 because it did not lower career-offender Guidelines range);

---

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

*see also United States v. Betcher*, 534 F.3d 820, 823-24 (8th Cir. 2008) ("[I]t is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel.") (citation omitted).

The judgment is affirmed, and counsel's motion to withdraw is granted.

_____