[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-10525

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

FEDNERT ORISNORD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:05-cr-60022-WPD-1

_____

Before Jill Pryor, Branch, and Abudu, Circuit Judges.

PER CURIAM:

Fednert Orisnord, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). On appeal, he argues that the district court erred in determining that he was a career offender and in concluding that he was ineligible for a sentencing reduction under Sentencing Guidelines Amendments 782 and 821. The government moves for summary affirmance. After careful review, we grant the government's motion and affirm.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

In 2005, Orisnord was found guilty, after trial, of conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951(a), conspiracy to possess with intent to distribute at least five kilograms of cocaine, 21 U.S.C. §§ 841(a)(1) and 846, possession with intent to distribute at least five kilograms of cocaine, 21 U.S.C. §§ 841(a)(1) and 846, carrying a firearm in furtherance of a crime of violence or a drug-trafficking crime, 18 U.S.C. § 924(c)(1)(A), and being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). At sentencing, the district court sentenced Orisnord to a total sentence of 420 months' imprisonment. As relevant here, the district court concluded that Orisnord qualified as a "career offender" under the Sentencing Guidelines, *see* U.S.S.G. § 4B1.1(a) (2004), and as an armed career criminal, *see* 18 U.S.C. § 924(e); U.S.S.G. § 4B1.4 (2004). Orisnord appealed, but we affirmed his convictions and sentences in 2007. *United States v. Orisnord*, 483 F.3d 1169 (11th Cir. 2007).

In the time since his conviction, Orisnord has sought sentence reductions several times and has filed several motions collaterally attacking his convictions and sentence.

Relevant to this appeal, in 2015, Orisnord filed a motion, which the district court denied, under 18 U.S.C. § 3582(c)(2), to reduce his sentence under Amendment 782 to the Sentencing Guidelines.[1]  In denying Orisnord's § 3582(c)(2) motion, the district court explained that Orisnord was ineligible for a reduction under Amendment 782 because he was a career offender.  Orisnord did not appeal the denial of that motion.

In 2020, Orisnord moved for compassionate release under 18 U.S.C. § 3582(c)(1), but the district court denied that motion as well.  In denying that motion, the district court concluded that Orisnord had not shown an extraordinary and compelling reason for release and that the factors in 18 U.S.C. § 3553(a) weighed against granting him a sentence reduction.  Orisnord did not appeal the denial of that motion either.

In January 2024, Orisnord, proceeding *pro se*, filed the instant motion for a sentence reduction under Section 3582(c)(2).  He again argued that he was eligible for a sentence reduction under Amendment 782, which he asserted would lower his total offense level and alter his guidelines imprisonment range for several of his

---

[1] Amendment 782 "amend[ed] the sentencing guidelines to reduce the base offense levels for most drug offenses" and applies retroactively.  *See United States v. Maiello*, 805 F.3d 992, 994 (11th Cir. 2015).

counts of conviction.  He also contended that he was eligible for a sentence reduction under Amendment 821 to the Sentencing Guidelines.[2]  He noted that, in calculating his original guidelines imprisonment range, he received two criminal history "status points" for committing the crimes of conviction while on probation and that, after Amendment 821, he would not have received those points.

The district court denied Orisnord's motion.  It noted that, at sentencing, Orisnord had received an offense level of 38 and a criminal history category of VI, leading to a guidelines range of 360 months to life.  It then calculated that, if it applied the revised Sentencing Guidelines, Orisnord's guidelines range would still be 360 months to life.  Accordingly, it concluded that Orisnord was not eligible for a reduction under Amendment 821.  The district court also noted that it would not exercise its discretion to reduce Orisnord's sentence in any event.  As for Amendment 782, the district court stated that its prior ruling on Orisnord's 2015 motion remained the same.  The district court entered an order to this effect, and Orisnord's appeal followed.

---

[2] Amendment 821 to the Sentencing Guidelines went into effect in November 2023 and limits the effect of "criminal history points" that the Sentencing Guidelines award "when the offense of conviction was committed by the defendant while under any criminal justice sentence."  *See United States v. Claybron*, 88 F.4th 1226, 1228 (7th Cir. 2023) (describing the amendment).

## II. STANDARD OF REVIEW

Under Section 3582(c)(2), a district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has since been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). We review *de novo* the district court's legal determination of whether a defendant is eligible for a sentence reduction under Section 3582(c)(2). *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012).

## III. DISCUSSION

On appeal, Orisnord, proceeding *pro se*, argues that the district court erred for several reasons. He contends that the district court did not pronounce at his original sentencing that he was a career offender, so the career offender designation should not be used to deny him relief under Section 3582(c)(2). He states that the district court did not address his career offender designation at sentencing, and he notes that this Court did not address that issue in his direct appeal, which he contends means that the district court was barred by the law-of-the-case doctrine from concluding that he was a career offender. Based on his contention about his career offender status, he asserts that both of the court's orders denying him relief under Amendment 782 were erroneous. He also contends that the district court did not properly consider the factors in 18 U.S.C. § 3553(a), as required in ruling on his motion. While he concedes that a district court has discretion to deny relief to an eligible defendant, he asserts that the district court erred here because—based on Amendments 782 and 821 and his calculations—

his adjusted guidelines range should have been 235-293 months' imprisonment, far below his current sentence of 420 months.

The government moves for summary affirmance, arguing that the district court's ruling was correct when it classified Orisnord as a career offender which, in turn, made him ineligible for a sentence reduction under Amendments 782 and 821. It contends that the district court's second ruling denying relief under Amendment 782 simply relied on the same justifications of its first ruling which, in turn, was not error. As to Amendment 821, the government argues that the changes that Amendment 821 made to the Guidelines' calculation of criminal history categories are irrelevant because a career offender's criminal history category is always VI. Because Orisnord's criminal history category would not have been lowered by Amendment 821, the government contends, he was not eligible for a sentence reduction. The government also contends that the district court pronounced at Orisnord's original sentencing that he qualified as a career offender, so there was no error relying on that career offender designation in denying Orisnord's motion for a sentence reduction. It also argues that Orisnord's arguments about the § 3553(a) factors are meritless because Orisnord was ineligible for a sentence reduction under Amendment 782 and 821, so the court did not have to address the § 3553(a) factors.

Responding to the government's motion, Orisnord reiterates his contention that he was sentenced as a career offender. He notes that his Guidelines range relied on U.S.S.G. § 2D1.1, which

was affected by Amendment 782. He contends that the district court erred in changing the basis for his sentence by concluding that the career offender provision applied, which was not appropriate in Section 3582(c)(2) proceedings. Orisnord argues that the district court erred in declining to reduce his sentence because it erroneously concluded that he was not eligible for a reduction under Amendment 782 or 821.

Summary disposition is appropriate in "at least two circumstances," either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161-62 (5th Cir. 1969).[3]

Section 3582 sets forth a two-step inquiry to evaluate a motion for a sentence reduction. *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010). At the first step, the court must recalculate the guideline range under the amended guidelines to determine whether a retroactive amendment lowered the defendant's guideline range and determine whether relief would be consistent with the applicable policy statement. *Id*. If the amended guidelines do not affect the defendant's guideline range, the defendant is not

---

[3] All Fifth Circuit decisions issued prior to the close of business on September 30, 1981, are binding precedent in this Court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

eligible for a sentence reduction.  That is because Section 3582(c)(2) "does not authorize a sentencing or resentencing proceeding."  *Id.* at 825.  Only the amended guideline range is changed.  *See United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998); *see also United States v. Jackson*, 613 F.3d 1305, 1308-09 (11th Cir. 2010).  "All other guideline application decisions made during the original sentencing remain intact."  *Vautier*, 144 F.3d at 760-61; *see also United States v. Bravo,* 203 F.3d 778, 781 & n.5 (11th Cir. 2000).  The district court's discretion is, therefore, "cabined" to consideration of the Guidelines that have been amended since the original sentencing.  *Bravo,* 203 F.3d at 781.

In light of these principles, we must address three issues to resolve Orisnord's appeal: (1) whether Orisnord was sentenced as a career offender at his original sentencing; (2) whether Orisnord's career offender classification forecloses him relief under Amendment 782; and (3) whether his career offender classification forecloses him relief under Amendment 821.

### A. Orisnord was Originally Sentenced as a Career Offender

We begin by clarifying that, contrary to Orisnord's arguments on appeal, he was sentenced as a career offender under the Sentencing Guidelines at his original sentencing.  Orisnord's presentence investigation report ("PSI") reflects that he was a career offender.  Moreover, his counsel conceded that he qualified as a career offender at sentencing, and the district court implicitly adopted the PSI, which contained the same conclusion, without any relevant objection.  *See United States v. Bennett*, 472 F.3d 825,

832-34 (11th Cir. 2006) (explaining that a defendant forfeits challenges to a PSI when they do not make specific and clear objections); *United States v. Davis*, 587 F.3d 1300, 1303-04 (11th Cir. 2009) (similar). While we did not address the career offender issue on direct appeal, Orisnord himself did not challenge his career offender designation at that stage. *See Orisnord*, 483 F.3d at 1173. Nor did he appeal the district court's denial of his prior motion for a sentence reduction under Amendment 782, which was also premised on his career offender designation.

For these reasons, as much as Orisnord argues that he was not sentenced as a career offender, we agree with the government that he is incorrect on this point. *Groendyke Transp.*, 406 F.2d at 1161-62.

### B. Orisnord was not Eligible for a Sentence Reduction under Amendment 782

Amendment 782 revised the Drug Quantity Table in U.S.S.G. § 2D1.1(c) and provided a two-level reduction in the base offense level for controlled substance offenses by revising the base offense levels that corresponded to attributable drug quantities such that, as of November 1, 2014, at least 15 kilograms, but less than 50 kilograms of cocaine resulted in a base offense level of 32. *See* U.S.S.G. App. C, Amend. 782; U.S.S.G. § 2D1.1(c)(4).

Orisnord's sentencing documents show that he received a base offense level of 38 under U.S.S.G. § 4B1.1(b), because the total offense level that would have applied if he were *not* a career offender, as calculated under the former §§ 2D1.1 and 3B1.1(a)—38—

exceeded the base offense level provided to career offenders by the table in § 4B1.1(b), which would have been 37.  *See* U.S.S.G. §§ 4B1.1(b), 3B1.1(a), 2D1.1(3)(a) (2004).  Amendment 782's reductions to the base offense levels in § 2D1.1, therefore, would have only reduced Orisnord's base offense level to 37, the level set by the career offender provisions.  *See* U.S.S.G. §§ 4B1.1(b) (2004) (providing that a defendant who is a career offender where the offense has a statutory maximum of life receives the greater of 37 or the offense level otherwise applicable); *see also* U.S.S.G. § 4B1.1(c)(3) (2004).  Moreover, the 2004 guidelines provided that a defendant with a criminal history category of VI would receive a guidelines range of 360 months to life whether they had a base level of 37 or 38.  U.S.S.G. § ch. 5, pt. A (2004).

In sum, the government is clearly correct that Amendment 782 would have reduced Orisnord's base offense level by one point—from 38 to 37—but would have left him with the same guideline range.  Thus, it is clearly correct that Orisnord was not entitled to a reduction under Amendment 782. *Groendyke Transp.*, 406 F.2d at 1161-62; *see* U.S.S.G. § 1B1.10(a)(1) (explaining that a defendant is eligible for a reduction under § 3582(c)(2) when "*the guideline range* applicable to that defendant *has subsequently been lowered*" (emphasis added)); *see also United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008) (affirming denial of § 3582(c)(2) relief to several defendants where an amendment "reduce[d] their base offense levels, but it d[id] not have the effect of lowering their applicable guideline ranges because of the application of the career

offender guideline."); *United States v. Thomas*, 775 F.3d 982, 982-83 (8th Cir. 2014) (similar).

### C. Orisnord was not Eligible for a Sentence Reduction under Amendment 821

The Sentencing Guidelines formerly provided that a defendant received two criminal history points if they committed their offense of conviction while under any criminal justice sentence. U.S.S.G. § 4A1.1(d) (2004). Amendment 821 altered the way these "status points" are scored, and the current edition of the Sentencing Guidelines provides that a defendant receives one criminal history point if the defendant received 7 or more criminal history points under U.S.S.G. § 4A1.1(a) through (d) and committed the instant offense while under any criminal justice sentence. U.S.S.G. § 4A1.1(e) (2024). Orisnord received two points for committing his offenses while serving a term of probation. However, at both the time of his original sentencing and now, a defendant designated a career offender by the Sentencing Guidelines has a criminal history category, in every case, of VI. U.S.S.G. § 4B1.1(b) (2004); U.S.S.G. § 4B1.1(b) (2024). Accordingly, a reduction in the "status points" Orisnord received would not have reduced his guidelines range because of his status as a career offender, which caused his criminal history category to be VI. With the same criminal history category of VI and an offense level of either 37 or 38, as discussed above, Orisnord's guidelines range would remain the same. U.S.S.G. § 5, pt. A (2004); U.S.S.G. § 5, pt. A (2024).

## IV. CONCLUSION

For the reasons above, Orisnord was sentenced as a career offender and neither Amendment 782 nor Amendment 821 alter his guideline range, so he was not eligible for a sentence reduction under these Amendments. *See Dillon*, 560 U.S. at 826-27. Thus, the government's position is clearly correct as a matter of law, so we **GRANT** its motion for summary affirmance. *See Groendyke Transp.*, 406 F.2d at 1161-62.

**AFFIRMED.**