NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 8, 2009 *
Decided January 23, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 08-3443

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Southern District of |
| | Indiana, Indianapolis Division. |
| *v.* | |
| | No. 99 CR 00059-09 |
| JOSEPH THEODORE PALMER, | |
| *Defendant-Appellant.* | Larry J. McKinney, *Judge* |

**ORDER**

In 1999, Joseph Palmer and 21 other defendants were charged in count one of a superseding indictment with conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base (crack). After a trial in 2000, a jury found Palmer guilty as charged. He was sentenced to a term of 240 months. Palmer appealed and we affirmed his conviction and sentence. *United States v. Dumes*, 313 F.3d 372 (7th Cir. 2002).

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

On May 14, 2008, Palmer filed a *pro se* motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). The motion was denied and Palmer appeals.

Palmer's 2008 *pro se* motion sought a reduction of his sentence based upon Amendment 706 to the crack cocaine sentencing guidelines. In his motion, Palmer asserted that he is entitled to a sentence reduction pursuant to the amendment, which generally reduced the sentencing guidelines offense level by two. Palmer also asserted that he is entitled to resentencing and consideration of his postsentencing rehabilitation. Without requiring a response from the government, the district court denied Palmer's motion, stating: "[T]he Court has considered the relevant factors in U.S.S.G. § 1B1.10(b) and 18 U.S.C. § 3553(a) and determined a sentence reduction is not appropriate."

We conclude that the district court did not abuse its discretion in denying Palmer's motion because his amended guideline range (324 to 405 months; his old range was 360 to life) continues to far exceed the 240 month (statutory maximum) sentence he received. Neither *Apprendi v. New Jersey*, 530 U.S. 466 (2000), nor *United States v. Booker*, 543 U.S. 220 (2005), affect Palmer's sentence because he was sentenced under a statute that did not require a specific quantity of drugs to be proven to a jury.

Accordingly, the order of the district court is AFFIRMED.