NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted August 14, 2012
Decided March 5, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-2176

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:99-cr-00059-LJM-KPF-9 |
| JOSEPH T. PALMER, *Defendant-Appellant.* | Larry J. McKinney, *Judge*. |

**O R D E R**

Joseph T. Palmer appeals from the denial of his second motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court denied the motion on the ground that the amendments to the crack cocaine guidelines do not have the effect of lowering Palmer's sentence. *United States v. Poole*, 550 F.3d 676, 687-80 (2008); U.S.S.G. § 1B1.10(a)(2)(B). A jury found Palmer guilty of conspiracy to possess with intent to distribute and distribution of

cocaine and cocaine base. *United States v. Dumes*, 313 F.3d 372, 376 (7th Cir. 2002). In 2000, the district court sentenced Palmer to 240 months' imprisonment, which was the statutory maximum sentence. In the absence of the statutory maximum, Palmer's guidelines range would have been 360 months to life imprisonment. Because the guidelines range exceeded the statutory maximum, the statutorily authorized maximum of 240 months became the guideline range under U.S.S.G. § 5G1.1(a). Palmer appealed, and we affirmed his conviction and sentence. *Id*.

In 2008 Palmer filed his first § 3582(c)(2) motion based on Amendment 706, which the district court denied. On appeal, we concluded that the district court did not abuse its discretion in denying Palmer's motion because his amended guideline range of 324 to 405 months continued to far exceed the 240 month statutory maximum sentence he received. *United States v. Palmer*, No. 08-3443, 307 Fed. Appx. 994 (7th Cir. Jan. 23, 2009). Palmer filed his second § 3582(c)(2) motion in 2012, again complaining that the jury made no finding as to the specific drug type or quantity of drugs attributable to him at trial in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which was decided after Palmer's trial but before he was sentenced.

On appeal, Palmer argues that the record contains no foundation to establish why 240 months was the maximum sentence that the district court could impose. He also argues that the crack versus powder cocaine disparity violates his Equal Protection rights. As we previously held, *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *United States v. Booker*, 543 U.S. 220 (2005), do not affect Palmer's sentence because he was sentenced under a statute that did not require a specific quantity of drugs to be proven to a jury. Palmer fails to acknowledge that the applicable guideline range following the most recent amendment to the crack cocaine guidelines remains higher than his effective guideline range of 240 months. Because his sentencing range has not been lowered, Palmer does not qualify for a reduction, and the district court lacked the authority to reduce his sentence. 18 U.S.C. § 3582(c)(2); *United States v. Taylor*, 627 F.3d 674, 676 (7th Cir. 2010). Nor does § 3582(c)(2) authorize the district court to conduct a full resentencing or consider other claims of error in the proceedings. *Dillon v. United States*, 130 S. Ct. 2683, 2690-92 (2010). Accordingly, **IT IS ORDERED** that the judgment of the district court is **AFFIRMED**.